MDR

1

2  WO

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9  Gabriel Bassford,                          No.    CV 22-00572-PHX-JAT (ESW)

10                      Plaintiff,

11  v.                                         **ORDER**

12  City of Mesa, et al.,

13                      Defendants.

14

15         Pro se Plaintiff Gabriel Bassford, who is not in custody, is proceeding in forma

16  pauperis.  In an April 18, 2022 Order, the Court dismissed his civil rights Complaint

17  because he had failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  The

18  Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies

19  identified in the Order.

20         On May 18, 2022, Plaintiff filed a Motion for an Extension of Time to Amend

21  Complaint (Doc. 7) and a Motion to Allow Electronic Filing by a Party Appearing Without

22  an Attorney (Doc. 8).   On May 25, 2022, Plaintiff filed his First Amended

23  Complaint (Doc. 9).  He has also filed a June 6, 2022 "Notice of Constitutional Questions"

24  and an October 25, 2022 "Notice of Readiness."

25         The Court will grant Plaintiff's Motions; order Defendants Newby, Rangel, Clark,

26  Destefino, and Adams to answer Counts Two, Three, and Four; order Defendant City of

27  Mesa to answer Count Eight; and dismiss the remaining claims and Defendants without

28  prejudice.

## I.      Motion for an Extension of Time

In his Motion for an Extension of Time, Plaintiff seeks a one-week extension of time to file his amended complaint.  The Court, in its discretion, will grant the Motion and will consider the First Amended Complaint timely filed.

## II.     Motion to Allow Electronic Filing

In his Motion to Allow Electronic Filing, Plaintiff states that he is representing himself and is able to comply with all of the requirements for electronic filing.  He has attached the required registration form.  The Court, in its discretion, will grant the Motion to Allow Electronic Filing **in this case only**.  Furthermore, Plaintiff is still required to submit a clear, legible **paper** copy of every pleading or document filed, for use by the Court.  *See* LRCiv 5.4.

## III.    Statutory Screening of In Forma Pauperis Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

**TERMPSREF**

1   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
2   experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual
3   allegations may be consistent with a constitutional claim, a court must assess whether there
4   are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

5        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
6   must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342
7   (9th Cir. 2010).  A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent
8   standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551
9   U.S. 89, 94 (2007) (per curiam)).

10  **IV.    First Amended Complaint**

11       In his ten-count First Amended Complaint, Plaintiff sues the following Defendants:
12  the City of Mesa; the City of Mesa Police Department; Police Officers Kyler Newby,
13  Joseph Rangel, Phillip Clark, and Michael Destefino; Police Sergeant Joseph Adams; City
14  of Mesa Prosecutors John Doe and Lauren Ramirez; and John Drechsler.  Plaintiff seeks
15  monetary damages and his attorney's fees and costs of suit.

16       Plaintiff alleges as follows.  Around 10:14 p.m. on October 9, 2021, Defendants
17  Newby, Rangel, and Clark were dispatched to a Circle K because an individual was causing
18  a disturbance at the store.  (Doc. 9 at ¶ 22.)[1]  While Defendants Newby, Rangel, and Clark
19  were talking to Defendant Drechsler, who was the security guard at the Circle K, several
20  private citizens, including Plaintiff, walked onto the Circle K property to film the police
21  activities.  (*Id.* at ¶¶ 3, 25-27.)  When those private citizens began to get closer to the police
22  officers, Defendant Drechsler stopped the conversation with the police and asked that
23  everyone holding a camera on the property "be trespassed."  (*Id.* at ¶ 29.)

24       Plaintiff asserts that "[i]n a scheme spearheaded" by Defendant Drechsler,
25  Defendants Newby, Rangel, and Clark "colluded" with Defendant Drechsler to
26  "unlawfully trespass" Plaintiff and the other citizens "by enacting an unreasonable seizure

27
28       [1] The citation refers to the document number generated by the Court's Case
Management/Electronic Case Filing system and the paragraph number in the First
Amended Complaint.

and search for filming the activity of the [police officers]." (*Id.* at ¶ 30.)  Defendant Newby personally detained and handcuffed Plaintiff. (*Id.* at ¶ 31.)  Plaintiff told Defendant Newby that he was violating Plaintiff's Fourth Amendment rights by detaining him. (*Id.* at ¶ 34.)

Defendant Destefino arrived on the scene and saw Defendant Newby escort Plaintiff, in handcuffs, to the side of the store and sit him on the side of the curb. (*Id.* at ¶ 33.)  While Defendant Newby went to talk to the Circle K manager, Defendant Destefino "stood guard" over Plaintiff. (*Id.* at ¶ 35.)  When Plaintiff asked why he was being detained, Defendant Destefino told him that he was being detained for trespassing. (*Id.*)  Plaintiff explained to Defendant Destefino that "the law requires reasonable notice to leave the property before being trespassed" and that he would have left the property if he had "been given a reasonable warning to do so." (*Id.*)  Plaintiff contends that because he told Defendant Destefino that he "had not been given notice by way of a reasonable request to leave before being detained for trespassing," Defendant Destefino knew "of the law violation by his fellow officers" and "had a duty . . . to stop the actions that were being taken on behalf of" Defendant City of Mesa Police Department. (*Id.* at ¶ 36.)

When Defendant Destefino asked for Plaintiff's first and last names, Plaintiff stated that he wanted to talk to a supervisor. (*Id.* at ¶ 37.)  Defendant Destefino called for a supervisor. (*Id.*)  Plaintiff again informed Defendant Destefino that: Plaintiff had been unlawfully detained; Defendant City of Mesa was "being represented by his actions"; Defendant Destefino had a duty to uphold the law and stop any unlawful actions by Defendants Newby, Rangel, and Clark; and filming police activity is not a felony. (*Id.* at ¶ 38.)

When Defendant Adams, who was the supervising officer, arrived, he spoke with the Circle K management and was "briefed about the variables of the situation" by Defendant Newby. (*Id.* at ¶ 39.)  Defendant Adams "did not object" after hearing that Defendant Newby intended to arrest and imprison Plaintiff. (*Id.*)  Defendant Newby

returned and told Defendants Destefino and Rangel to take Plaintiff to the jail "to be booked on the charge of trespass in the third degree." (*Id.*)

Plaintiff alleges Defendant Newby released another citizen and "filed charges via long form," but told Plaintiff that he was "having [Plaintiff] imprisoned" at the jail. (*Id.* at ¶ 40.) Defendant Destefino held Plaintiff by his handcuffed arms and searched Plaintiff. (*Id.*) Plaintiff asked why he was being jailed "when he [was] willing to identify himself under duress of further imprisonment." (*Id.*) Defendant Newby explained that he was the arresting officer and, under Mesa Police Department Policy Manual (DPM) 2.4.10(3)(D), he had the discretion to "imprison or release" Plaintiff. (*Id.* at ¶ 41.)

Plaintiff contends DPM 2.4.10(3)(d) is unlawful because the state statutes it "cites for its authorities" are "void ab initio" because they "allow exceptions to due process of law regarding arrest without a warrant." (*Id.* at ¶¶ 47, 49.) Specifically, he claims Arizona Revised Statutes sections 13-3883 and 13-3903 "are void ab initio because they allow for arrest for misdemeanors and violations, and also release for these violations." (*Id.* at ¶ 52.) He also asserts that section 13-3903 is void "because it allows executive officers to arrest and release, and take property (fingerprints and images of [the] arrestee) in violation of due process, in accordance with the '[n]o *takings clause*' under the Fourteenth Amendment." (*Id.* at ¶ 54.) Finally, he contends the statutes "clearly bypass the procedure for bringing the arrestee before a magistrate when arrested without a warrant," which he contends permits an "executive officer" to perform a "judicial function," in violation of the "distribution of powers clause" of the Arizona Constitution. (*Id.* at ¶ 55.)

Plaintiff alleges that Defendants Newby and Destefino did not inform him of his *Miranda*[2] rights; searched him "without a breach of the peace, probable cause of a felony, or a warrant"; and placed him in the back of Defendant Destefino's patrol car to be transported to the jail. (*Id.* at ¶ 42.) Plaintiff reiterates his assertion that DPM 2.4.10 is unlawful and contends Defendant Destefino "negligently and willfully chose to follow [Defendant] Newby's directive, with the tacit agreement of [Defendants] Clark, Rangel,

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

and Adams," and transported Plaintiff to the jail.  (*Id.* at ¶ 56.)  He asserts the police officer Defendants had a duty to uphold federal law "by not enforcing the State'[s] void laws and the Mesa Police Department's void policy."  (*Id.*)

At the jail, Defendant Destefino asked for Plaintiff's name and date of birth, but Plaintiff "invoked his right to remain silent and right to have counsel present before responding to questioning."  (*Id.* at ¶ 45.)  Defendant Destefino told Plaintiff that the "charges were not serious" and Plaintiff should "cooperate by providing the information requested."  (*Id.*)  Plaintiff did not "waive his rights to remain silent and have counsel present."  (*Id.*)

Plaintiff contends that because he was arrested without a warrant, he should have been taken directly to a magistrate "to determine whether his imprisonment was lawful."  (*Id.* at ¶ 46.)  He asserts that at the jail, he was subjected to "several assault and batteries" because his personal property—his fingerprints and photograph—was taken "without appearing before a magistrate or having a trial finding him guilty of a crime."  (*Id.* at ¶ 57.)  Plaintiff contends he was imprisoned for at least sixteen hours "without a warrant, probable cause of a felony, or a breach of the peace."  (*Id.*)  Consequently, his name, photograph, and trespassing charge were included in the Maricopa County Sheriff's Office arrest records and were made available to the public.  (*Id.*)

Plaintiff alleges that when he appeared in court and entered a not-guilty plea, the prosecutor, Defendant Doe, had an "ethical duty to dismiss the charge based on the insufficient evidence in the probable cause statement" submitted by Defendant Newby.[3]  (*Id.* at ¶ 58.)  He claims that based on the probable cause statement "a competent prosecutor would have determined that the statement does not contain sufficient facts to

---

[3] According to Plaintiff, the probable cause statement indicates that Plaintiff was observed at the location to record police activity and did not enter the convenience store to make a purchase; Defendant Drechsler asked that Plaintiff and others "be trespassed"; the store participated in "the City of Mesa no trespassing program" and the property was "adequately marked with no trespassing signage."  (Doc. 9 at ¶ 59.)  The statement also indicates that Plaintiff was verbally advised that he was detained by the police and turned around and attempted to walk away from the police.  (*Id.*)  Plaintiff asserts the no trespassing program does not apply because it is only valid during non-business hours and only applies to homeless encampments.  (*Id.* at ¶ 60.)

state a claim for trespass in the third degree" because the statute requires an individual to knowingly enter or remain unlawfully "after a reasonable request to leave by a law enforcement officer, the owner or any other person having lawful control over such property, or reasonable notice prohibiting entry," and the probable cause statement does not state that Plaintiff received a reasonable request to leave or reasonable notice prohibiting entry.  (*Id.* at ¶ 61.)

Plaintiff states that he met with Defendant Ramirez on November 2, 2022, and she offered him the option of a plea deal or a trial.  (*Id.* at ¶ 62.)  He claims the "prosecution was malicious" because the prosecution intended to "proceed to trial on the basis of the probable cause statement which lacked sufficient facts" and Rule 42(a) of the Rules of the Arizona Supreme Court states that a prosecutor "must refrain from proceeding in a case that is not supported by probable cause."  (*Id.*)  Plaintiff did not plead guilty and was given a pretrial court date.  (*Id.*)

On November 8, 2021, a prosecutor submitted a motion to dismiss without prejudice, which the court granted.  (*Id.* at ¶ 63.)  Plaintiff subsequently filed a motion to dismiss with prejudice, but the court denied the motion, thereby leaving the case open for future prosecution.  (*Id.* at ¶¶ 64-65.)

In **Count One**, Plaintiff raises a claim regarding a "Conspiracy to Deprive Plaintiff of Civil Rights," in violation of § 1983 and Arizona Revised Statutes section 13-1003(A). Plaintiff contends Defendants Newby, Rangel, Clark, Destefino, Adams, and Drechsler "knowingly agreed, conspired, and acted in concert for the express purpose" of depriving Plaintiff of his "First Amendment liberty," in retaliation for Plaintiff exercising his First Amendment right to film police officers in the course of their public duties, "by concocting a trespass in the third degree."  (*Id.* at ¶ 70.)

Plaintiff claims these Defendants knew they "were engaged in a conspiracy to commit the predicate acts," including filing a probable cause statement "based upon deliberately fabricated evidence"; knew the "predicate acts were part of an unlawful seizure and search"; "knew about and agreed to facilitate [Defendant] Drechsler's scheme to

fraudulently concoct a claim of trespass" to undermine Plaintiff's First Amendment right to film the police activity. (*Id.* at ¶¶ 71-72.) He asserts the "participation and agreement of each of them was necessary to allow the commission of this unlawful seizure and search." (*Id.* at ¶ 71.) Plaintiff also contends that as part of this conspiracy, these Defendants committed an unlawful search and seizure, filed a deliberately fabricated charge of trespassing, and committed false arrest, false imprisonment, perjury, and malicious prosecution. (*Id.* at ¶ 72.)

In **Count Two**, Plaintiff alleges he was subjected to a false arrest, in violation of his Fourth Amendment rights. He claims Defendants Newby, Rangel, Clark, Adams, and Destefino unlawfully seized him, in violation of his Fourth Amendment right to "a warranted seizure or reasonable search based upon probable cause of a felony," in retaliation for exercising his right to film public officials. (*Id.* at ¶¶ 83, 85.) Plaintiff contends Defendant Drechsler is also responsible for the false arrest because he "directly spearheaded the scheme to have Plaintiff trespassed" for exercising his right to film the police. (*Id.* at ¶ 84.)

In **Count Three**, Plaintiff contends he was deprived of his First Amendment right to express himself by recording public officials. (*Id.* at ¶ 95.) He claims Defendants Newby, Rangel, Clark, Destefino, Adams, and Drechsler "conspir[ed]" to deprive him of his "First Amendment liberty to film government officials[] who are performing their duties in public view" by "alleging a perjured claim of trespass" so Plaintiff would be unlawfully arrested. (*Id.* at ¶ 93.) Plaintiff contends Defendant Drechsler is also responsible for the unlawful imprisonment because he "directly spearheaded the scheme to have Plaintiff trespassed." (*Id.* at ¶ 94.)

In **Count Four**, Plaintiff alleges he was falsely imprisoned, in violation of his Fourth Amendment rights. He claims Defendants Newby, Rangel, Clark, Adams, and Destefino unlawfully imprisoned him, in violation of his Fourth Amendment right to "a warranted seizure or a reasonable search based upon probable cause of a felony." (*Id.* at ¶ 105.). He also contends Defendants Newby, Rangel, Clark, Destefino, and Adams

imprisoned him by not taking him directly to a magistrate after being arrested without a warrant, as required by the Fourth Amendment. (*Id.*.) Plaintiff asserts Defendants Newby, Rangel, Clark, Destefino, Adams, and Drechsler "conspir[ed]" to deprive him of his First Amendment right to film government officials performing their duties in public view by "alleging a perjured claim of trespass" so Plaintiff would be unlawfully imprisoned. (*Id.* at ¶ 103.) Plaintiff contends Defendant Drechsler is also responsible for the unlawful imprisonment because he "directly spearheaded the scheme to have Plaintiff trespassed." (*Id.* at ¶ 104.)

In **Count Five**, Plaintiff alleges Defendants Newby and Destefino "violated his Miranda rights" and the Fifth and Sixth Amendments because they did not inform him of his rights to remain silent and to have counsel present before answering questions and that that anything he said can and will be used against him in a court of law. (*Id.* at ¶¶ 114-116.)

In **Count Six**, Plaintiff asserts Defendants Newby, Rangel, Clark, Destefino, Adams, and Drechsler violated § 1983 and Arizona Revised Statutes section 13-2702(A)(2) by filing a "fabricated charge of trespassing" with the City of Mesa Prosecutor's Office. (*Id.* at ¶ 125.) Plaintiff contends Defendant Drechsler is also responsible for the "perjured charge of trespass" because he "directly spearheaded the scheme to have Plaintiff trespassed" and because his witness statement was filed with the City of Mesa Prosecutor's Office as part of Defendant Newby's report. (*Id.* at ¶ 126.) Plaintiff claims the "perjured statement of trespass" resulted in false imprisonment and a malicious prosecution by the City of Mesa Prosecutor's Office. (*Id.* at ¶ 127.)

In **Count Seven**, Plaintiff alleges Defendants Ramirez and John Doe violated his Fifth Amendment rights by subjecting him to a malicious prosecution. (*Id.* at ¶ 136.) He claims they prosecuted him "using a probable cause statement that is wanton for sufficient facts to state a claim" for third-degree trespass. (*Id.*) He claims the prosecution was ultimately dismissed pursuant to a motion for dismissal filed by the City of Mesa Prosecutor's Office. (*Id.* at ¶ 137.)

. . . .

In **Count Eight**, Plaintiff alleges Defendant Mesa Police Department violated the Fourth Amendment by maintaining an unlawful departmental policy.  (*Id.* at ¶ 147.) Specifically, he claims DPM 2.4.10 is unlawful because it allows "arrest for violations of the law less than a misdemeanor" and allows "executive officers the power to release an arrestee at their discretion[,] in violation of the due process of law."  (*Id.* at ¶ 146.)

In **Count Nine**, Plaintiff alleges Defendants Newby, Rangel, Clark, Destefino, Adams, Ramirez, John Doe, Drechsler, and the Mesa Police Department deprived him of his Fourteenth Amendment right to equal protection.  He claims Defendants Newby, Rangel, Clark, and Adams unlawfully seized, searched, and imprisoned him in retaliation for exercising his First Amendment right to film public officials. (*Id.* at ¶ 155.)  He asserts Defendant Drechsler is responsible for the false arrest because he "directly spearheaded the scheme to have Plaintiff trespassed."  (*Id.* at ¶ 156.)  Plaintiff also contends Defendants prosecuted him by "using a probable cause statement that is wanton, on its face, for sufficient facts to state a claim" for third-degree trespass.  (*Id.* at ¶ 157.)

In **Count Ten**, Plaintiff raises a claim under § 1983 for "Respondeat Superior/Vicarious Liability" against Defendant City of Mesa.  He claims that Defendant City of Mesa is vicariously liable for the "tortious conduct" of Defendants Newby, Rangel, Clark, Destefino, Adams, Ramirez, and John Doe and that Defendants Newby, Rangel, Clark, Destefino, and Adams "used the Mesa Prosecutor's Office" to help them "achieve their goal of a malicious prosecution" against Plaintiff.  (*Id*. at ¶¶ 166-68.)

## V.   Discussion

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

. . . .

. . . .

### A.      Defendant Drechsler

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).  "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"  *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Defendant Drechsler is a private party, not a state actor.  Moreover, although private parties who are jointly engaged with state officials in the challenged action are acting under color of law, "merely complaining to the police does not convert a private party into a state actor.  Nor is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action." *Collins v. Womancare*, 878 F.2d 1145, 1154-55 (9th Cir. 1989) (internal citations omitted).  *See also Vazquez v. Combs*, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation.").  Thus, the Court will dismiss without prejudice Defendant Drechsler.

### B.      Conspiracy Claims

To state a conspiracy claim, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights.'"  *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citation omitted).  The Court "need not, however, accept as true allegations that . . . are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Woodrum v. Woodward County*, 866 F.2d 1121, 1126

(9th Cir. 1989) (conclusory allegations of conspiracy did not support a § 1983 claim); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient.").

Plaintiff has not made any factual allegations to support an agreement or meeting of the minds between Defendants.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Nor is there a "conspiracy" simply because Defendants engaged in the same conduct.  *See Myers v. City of Hermosa Beach*, 299 F. App'x 744, 747 (9th Cir. 2008) ("Before a conspiracy claim can be sustained, a plaintiff must show a meeting of the minds by the so-called conspirators. . . .  [T]he evidence adduced must demonstrate more than the mere fact that two people did or said the same thing; the evidence must actually point to an agreement.") (citations omitted); *cf. Ting v. United States*, 927 F.2d 1504, 1512-13 (9th Cir. 1991) (finding insufficient evidence that defendants "conspired" to distort the facts surrounding a shooting, although the agents had a post-shooting meeting to discuss the plaintiff's arrest, failed to explain an injury to the plaintiff's arm, and allegedly made false statements regarding the circumstances of the shooting).  Absent more, Plaintiff's allegations are too vague and conclusory to state a conspiracy claim.  Thus, the Court will dismiss without prejudice Count One and the various claims of "conspiracy" throughout the First Amended Complaint.

## C.    Counts Two, Three, and Four

Liberally construed, Plaintiff has stated claims against Defendants Newby, Rangel, Clark, Destefino, and Adams for false arrest (Count Two), violation of his First Amendment rights (Count Three), and false imprisonment (Count Four).  The Court will require these Defendants to answer these claims.

## D.    Count Five – Miranda Violation

The failure to read *Miranda* warnings does not, without more, violate Plaintiff's constitutional rights and cannot be grounds for a claim under § 1983.  *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (absent the use of a coerced statement in a criminal

case, the "failure to read *Miranda* warnings . . . d[oes] not violate [a person's] constitutional rights and cannot be grounds for a § 1983 action."). Thus, the Court will dismiss without prejudice Count Five.

### E.  Count Six – False Statements

Plaintiff contends Defendants Newby, Rangel, Clark, Destefino, and Adams filed "with the Mesa Prosecutor's Office a fabricated charge of trespassing" and provided a "perjured statement of trespassing." While Plaintiff alleges he was arrested, imprisoned, and prosecuted despite the facts not satisfying the elements of third-degree trespassing, he Plaintiff does not identify what portion of Defendant Newby's probable cause statement was false or perjurious. Absent more, Plaintiff's allegations are too vague and conclusory to state a claim. Thus, the Court will dismiss without prejudice Count Six.

### F.  Count Seven – Malicious Prosecution

Prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Immunity even extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." *Buckley*, 509 U.S. at 270; *see also Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutor absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges; for knowingly using false testimony at trial; and for deciding not to preserve or turn over exculpatory material before trial, during trial, or after conviction); *Roe v. City & County of S.F.,* 109 F.3d 578, 583-84 (9th Cir. 1997) (absolute immunity for decision to prosecute or not to prosecute and for professional evaluation of a witness and evidence assembled by the police). The malicious prosecution claim against Defendants Ramirez and John Doe is entirely based on their prosecutorial decisions. Thus, the Court will dismiss without prejudice Count Seven.

### G.    Count Eight – Unlawful Departmental Policy

Defendant Mesa Police Department is a subpart of the City of Mesa, not a separate entity for purposes of suit. *Gotbaum v. City of Phx.*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008); *see Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (county sheriff's office is a nonjural entity); *see also Vicente v. City of Prescott*, 2012 WL 1438695, at *3 (D. Ariz. 2012) (city fire department is a nonjural entity); *Wilson v. Yavapai County Sheriff's Office*, 2012 WL 1067959, at *4 (D. Ariz. 2012) (county sheriff's office and county attorney's office are nonjural entities). Because Defendant Mesa Police Department is not a separate entity, it is not capable of being separately sued. Thus, the Court will dismiss Defendant Mesa Police Department.

Liberally construed, Plaintiff has stated a claim against Defendant City of Mesa based on the allegedly unlawful Mesa Police Department Policy Manual policy. The Court will require Defendant City of Mesa to answer Count Eight.

### H.    Count Nine – Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational basis for the difference in treatment, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). "When an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a 'class of one' claim." *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (quoting *Olech*, 528 U.S. at 564).

Plaintiff does not allege that he is a member of a protected class or that there was no rational basis for treating him differently than other individuals who were arrested at

the Circle K but were not taken to the police station.  Thus, the Court will dismiss without prejudice Count Nine.

## I.        Count Ten – Respondeat Superior/Vicarious Liability

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Thus, the Court will dismiss without prejudice Count Ten.

## VI.    Warnings

### A.        Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.        Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.        Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for an Extension of Time to Amend Complaint (Doc. 7) is **granted**.

(2)     Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 8) is **granted in this case only**.  Plaintiff has already submitted the required registration form.  Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case-related transmissions, be able to electronically transmit documents to the Court in .pdf format, register as a subscriber to PACER (Public Access to Electronic Records) within **5 days** of the date of this Order, and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.  **Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to Plaintiff.**

(3)     Defendants Ramirez, City of Mesa Police Department, John Doe, and Drechsler are **dismissed** without prejudice.

(4)     Counts One, Five, Six, Seven, Nine, and Ten are **dismissed** without prejudice.  If Plaintiff attempts to amend these claims to address the shortcomings identified in this Order, the second amended complaint must be retyped or rewritten in its entirety (including those claims that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(5)     Defendants Newby, Rangel, Clark, Destefino, and Adams must answer Counts Two, Three, and Four; Defendant City of Mesa must answer Count Eight.

(6)     Plaintiff must either serve Defendants City of Mesa, Newby, Rangel, Clark, Destefino, and Adams or seek a waiver of service for each Defendant.

. . . .

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m).

(8)     Defendants City of Mesa, Newby, Rangel, Clark, Destefino, and Adams must answer the relevant portions of the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9)     Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(10)    This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

(11)    This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

(12)    If properly completed, the Clerk of Court must issue the proposed Summonses for Defendants City of Mesa (Doc. 3 at 3-4), Rangel (9-10), Adams (11-12), Newby (15-16), and Destefino (19-20).[4]

Dated this 18th day of November, 2022.

James A. Teilborg
Senior United States District Judge

---

[4] No summons was submitted for Defendant Clark.