Duncan J. Stoutner (#020699)
Alexander J. Lindvall (#034745)
CITY OF MESA ATTORNEY'S OFFICE
MS-1077
P.O. Box 1466
Mesa, Arizona 85211
(480) 644-2343
mesacityattorney@mesaaz.gov

Attorneys for Defendants City of Mesa, Newby,
Clark, Destefino, and Adams

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| Gabriel J. Bassford, | No. CV-22-00572-PHX-JAT (ESW) |
|---|---|
| Plaintiff, | **MOTION TO DISMISS – ON BEHALF OF DEFENDANTS CITY OF MESA, NEWBY, CLARK, DESTEFINO, AND ADAMS** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants City of Mesa and Mesa Police Officers Newby, Clark, Destefino, and Adams ("Defendants") move to dismiss Plaintiff's First Amended Complaint ("FAC") and lawsuit.

**I.   INTRODUCTION.**

This is a § 1983 case arising from *pro se* Plaintiff Gabriel Bassford walking onto a Circle K convenience store's parking lot to film Mesa Officers and the store's Security Guard as they investigated the store's call about a non-party causing a disturbance. The Circle K store had a "clearly posted no trespassing sign posted on the exterior wall of Circle K." [FAC ("Doc. 9") at ¶ 23] While standing in the Circle K parking lot with the Officers, the Security Guard and Officers discussed the unrelated call, and the Security Guard saw people enter the private parking lot holding cameras. [*Id.*, at ¶¶ 26-27] Plaintiff and a person next to him – Mr. Hartwell

– left the roadway sidewalk and "walked onto the property of Circle K to film the Mesa P.D.'s activity." [*Id*., at ¶¶ 27, 29, 31, 32]  According to Plaintiff, the Security Guard "stopped the conversation and asked for everyone holding a camera on the property to be trespassed." [*Id*., at ¶ 29]

Plaintiff alleged a violation of his right to film on private property and argued that Arizona statutes generally authorizing misdemeanor arrests without a warrant are unconstitutional and void.  But the statutes are not voided, and Defendants did not violate Plaintiff's constitutional rights by detaining and arresting him for criminal trespass in the third degree.

## II.   RELEVANT FACTS.

On October 9, 2021, Mesa Police Officers Newby, Clark, and Rangel responded to a call for service at a local Circle K, at 1145 W. Main Street in Mesa, Arizona, regarding a male subject reportedly causing a disturbance. [*See* "Doc. 9" at ¶¶ 1, 22]  Plaintiff, in a group of approximately 10 to 15 individuals, stood on a roadway sidewalk immediately adjacent to the Circle K parking lot, and from that general location, he and others filmed the Mesa Police Officers' actions at the Circle K. [*Id*., at ¶¶ 1, 23, 24, 26-27]

As noted by Plaintiff in his FAC, at approximately 10:30 p.m., Officer Newby saw one individual from the group "walk onto the property of Circle K" while "filming the Mesa PD activity and standing next to a clearly posted no trespassing sign posted on the exterior wall of Circle K." [*Id*., at ¶ 23]  "Shortly thereafter," another individual walked onto the property while filming and joined him. [*Id*., at ¶ 24]  The two individuals "began to inch closer to the officers while filming them." [*Id*., at ¶ 25]

"After a brief passage of time," the Officers on scene saw 10 to 15 additional people walking along the roadways sidewalk and holding cameras. [*Id*., at ¶ 26]  Plaintiff and an individual next to him, Mr. Hartwell, "walked onto the property of Circle K to film the Mesa

P.D.'s activity." [*See id.*, at ¶¶ 2, 26, 27]

"While Mesa PD officers and Circle K guard Drechsler discussed the initial call relating to the disturbance caused by a male subject, the private citizens that were filming began to get closer to the Mesa PD officers. So, guard Drechsler stopped the conversation and asked for everyone holding a camera on the property to be trespassed." [Doc. 9 at ¶ 29]  Plaintiff alleged that the private Security Guard who also being filmed "directly spearheaded" Plaintiff's contact with police while he stood on Circle K property. [*Id.*, at ¶¶ 21, 30, 94, 104]

Plaintiff alleged that he and Mr. Hartwell were unlawfully seized at approximately 10:34 p.m. because Officer Newby approached them and informed them that they were detained. [*Id.*, at ¶¶ 30-31]  Officer Rangel also detained two individuals standing on the property "at the convenience store curb about fifteen feet from where officer Newby detained [Plaintiff and the non-party Mr. Hartwell]." [*Id.*, at ¶ 32]  A minute later, Officer Destefino arrived on scene to observe Officer Newby escort Plaintiff and Mr. Hartwell to the southwest side of the Circle K store's curb. [*Id.*, at ¶ 33]  Officer Newby then went inside the store to continue his investigation, and Officer Destefino stood by Plaintiff and Mr. Hartwell. [*Id.*, at ¶ 35]  Plaintiff was informed he was detained for trespassing, and he subsequently failed or refused to provide his name when asked by Officer Destefino. [*Id.*, at ¶¶ 33, 35, 37]

Thereafter, Mesa P.D. Sergeant Adams arrived on scene. [Doc. 9 at ¶ 39]  Plaintiff alleged that Officer Newby briefed Sergeant Adams on the incident and his "intentions to arrest and imprison various citizens, of which included Mr. Bassford…," and that Sergeant Adams did not object. [*Id.*, at ¶ 39]  Officer Newby then told Officers Destefino and Rangel to take Plaintiff and another individual, Mr. Gonzalez, to be booked on the charge of criminal trespass in the third degree. [*Id.*, at ¶ 39]  Plaintiff still had not told the Officers his name by this point. [*See id.*, at ¶¶ 39-40, 45]  Officer Newby searched Plaintiff incident to arrest, while Officer Destefino stood by. [*Id.*, at ¶ 41]

- 3 -

At Mesa P.D.'s holding facility, when asked for his name and date of birth, Plaintiff continued to fail or refuse to provide his name. [Doc. 9 at ¶ 45] "The following day," Plaintiff appeared in the Mesa Municipal Court with his legal counsel, and he entered a not guilty plea in the court to the charge of criminal trespassing in the third degree. [*Id*., at ¶ 58] Plaintiff alleged he was released after spending a total of 16 hours in custody. [*Id*., at ¶ 57]

In his FAC, Plaintiff quoted Officer Newby's probable cause statement, as follows:

> While on scene, the defendant was observed by PD on the incident location **private property** with the listed co-defendants. The defendant was at the incident location to record PD activity and he ***did not enter the convenience store to make a purchase.*** The defendant **stated he was at the incident location to film** PD. The incident location ***security guard requested that the defendant and co-defendants all be trespassed.*** It should be noted that the incident location participates in the City of Mesa no trespassing program and ***the property is adequately marked with no trespassing signage***. The defendant was verbally advised he was detained by PD. The defendant turned around in an attempt to walk away from PD. The defendant would later be identified by AZ ID.

[Doc. 9 at ¶ 59 (emphasis added)]

### III.   LEGAL STANDARD.

To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Id.* at 676-77. While courts accept all well-pled allegations as true and draw all reasonable inferences in favor of a plaintiff, *Usher v. City of Los Angeles*, 828 F.2d 556, 561

(9th Cir. 1987), "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," need not be "accept[ed] as true." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation omitted).

## IV. PLAINTIFF FAILED TO STATE VIABLE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS.

### A. No Fourth Amendment Violation (Counts 2 and 4).

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Heien v. North Carolina*, 574 U.S. 54, 60-61 (2014). "To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials…" *Id*. Searches and seizures based on mistakes of law or mistakes of fact can be reasonable. *Id*. In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court held that an officers may seize and detain a person to investigate when they reasonably suspect the person is committing a crime. "Reasonable suspicion arises from the combination of an officer's understanding of the facts and his understanding of the relevant law. The officer may be reasonably mistaken on either ground." *Heien*, 574 U.S. at 61.

"Probable cause to arrest or detain is an absolute defense to any claim under § 1983 against police officers for wrongful arrest or false imprisonment." *Lacy v. Cty. of Maricopa*, 631 F. Supp. 2d 1183, 1193 (D. Ariz. 2008). According to the Supreme Court, "Probable cause…is not a high bar: It requires only the 'kind of "fair probability" on which "reasonable and prudent [people,] not legal technicians, act."'" *Kaley v. United States*, 134 S. Ct. 1090, 1103 (2014). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Dubner v. City & County of San Francisco,* 266 F.3d 959, 966 (9th Cir. 2001) (citation omitted). "When there has been communications among [officers], probable cause can rest upon the investigating [officers'] 'collective

knowledge.'" *United States v. Del Vizo,* 918 F.2d 821, 826 (9th Cir. 1990) (citation omitted). "The test for whether probable cause exists is whether 'at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense.'" *United States v. Jensen,* 425 F.3d 698, 704 (9th Cir.2005) (citation omitted), *cert. denied*, 547 U.S. 1056 (2006). "Once probable cause is established, 'an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused.'" *Cameron v. Craig*, 713 F.3d 1012, 1019 (9th Cir. 2013) (citing *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003)).

Here, in Counts Two and Four, Plaintiff argues that Plaintiff was unlawfully seized, arrested, searched, and incarcerated because Defendants lacked a warrant or "probable cause of a felony." [Doc. 9 at ¶¶84-85, 105] Plaintiff is incorrect as a matter of law.

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. Lago Vista*, 532 U.S. 318, 354 (2001). An officer may use handcuffs in the ordinary course of an otherwise lawful detention or arrest. *See Ressy v. King County*, 520 Fed. Appx. 554 (9th Cir. 2013). A "search incident to a lawful arrest is a well-established exception to the Fourth Amendment's warrant requirement." *See United States v. Cook*, 808 F.3d 1195, 1199 (9th Cir. 2015); *see Robinson v. United States*, 414 U.S. 218, 236 (1973).

Subjective motivations of individual officers have no bearing on whether a particular seizure is unreasonable under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 398 (1989). "To ensure that officers may go about their work without undue apprehension of being sued, we generally review their conduct under objective standards of reasonableness." *Nieves v. Bartlett*, 139 S.Ct. 1715 (2019) (quoting *Atwater*, 532 U.S. at 351 & n.22).

Here, based on objective standards, it was reasonable for Officer Newby to detain

Plaintiff based on reasonable suspicion and probable cause once Plaintiff walked from the public roadway's sidewalk into the Circle K parking lot as a non-patron, while filming the Officers and private Security Guard, and with the knowledge that the Circle K Security Guard requested that the Officers to take action. [Doc. 9 at ¶¶ 1, 22-2729, 31-33, 59]  This is further evident by the Officer's knowledge that "No Trespassing" signage was on the Circle K building where Plaintiff and others were filming. [*Id*.]  The question is not whether Plaintiff was trespassing.  Instead, the question is whether a reasonable officer could have believed probable cause existed for trespassing. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987).  Based on the actions of Plaintiff, it was reasonable for Defendants to believe probable cause existed for trespassing. [Doc. 9 at ¶¶ 1, 22-27, 29, 31-33, 59]  Further, once lawfully detained for trespass, Plaintiff failed or refused to tell Officers his name while on the Circle K property, and for at least a period of time at Mesa's Holding Facility. [*See id*., at ¶¶ 37, 41, 45]  Defendants do not violate a lawful detainee's constitutional rights where, for example, they take additional investigatory steps, such as to confirm the detainee's identity. *See Terry*, 392 U.S. at 20.

**B.** **No First Amendment Violation (Count 3).**

Plaintiff was not engaging in constitutionally protected activity once he entered the Circle K property and filmed the store's private Security Guard interacting with the Officers.  The First Amendment protects a person's right to gather information about what public officials do on public property. *See Askins v. U.S. Dep't of Homeland Sec*., 899 F.3d 1035, 1044 (9th Cir. 2018) (plaintiffs took photos from public lands) (quoting *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000)).  Traditional public forums are often city streets, city sidewalks, or parks. *See Askins*, 899 F.3d at 1044.  But a private convenience store parking lot is not public property, and while Plaintiff was free to film from the roadway sidewalk, Defendants reasonably believed that Plaintiff was trespassing on private property with clear "No Trespassing" signage as a non-patron of the store and against the wishes of the private Security Guard. [Doc. 9 at ¶¶ 1, 22-27,

29, 31-33, 59]

Here, no right asserted in Count Three of the FAC was violated because, among other reasons, the land and the prompting of Defendants to contact Plaintiff related to private property and private control of the property at all relevant times. [*Id*.]  The private Security Guard, Officers and Plaintiff were standing on private land when Plaintiff was detained. [Doc. 9 at ¶¶1, 26-27, 21, 59]  Before Plaintiff walked onto the private property of Circle K, he was neither arrested nor detained while holding his camera. [*Id*. at ¶¶ 27, 29-33, 59]  Instead, Plaintiff's detention and arrest occurred when he left the roadway sidewalk and entered private property, where "No Trespassing" signage existed, and where a private company's Security Guard indicated to Officer Newby that the Security Guard did not want non-patron individuals filming from the Circle K property. [*Id*. at ¶¶ 26, 27, 29-33]  Further, no right asserted in Count Three was violated because Plaintiff was detained and arrested based on probable cause for the crime of trespassing.  He was not a store patron. [*See generally* Doc. 9; *id*., at ¶ 59, l. 4]

Plaintiff admits that his contact with police on the Circle K property was prompted by and "directly spearheaded" by the Circle K Security Guard. [*Id*., at ¶¶ 21, 30, 94, 104; *see* Order ("Doc. 13") at p. 11, ll. 11]  The Circle K Security Guard – who was standing next to the Officers and also being filmed -- requested that people on the Circle K property to merely film be trespassed by the Officers. [Doc. 9 at ¶ 29] *See Nieves v. Bartlett*, 139 S.Ct. at 1723-26 (probable cause defeats the claim at issue).  Finally, Plaintiff's claims as to Count Three are vague and conclusory.  As noted by the Court, conclusory allegations, including allegations of a conspiracy, do not support a § 1983 claim. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (amended on other grounds at 275 F.3d 1187 (9th Cir. 2001)); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

## V. THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). To be "clearly established" for purposes of the qualified immunity analysis "means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (cleaned up); *Bennett-Martin v. Plasencia*, 804 F. App'x 560, 562 (9th Cir. 2020); *Hunter v. Bryant*, 502 U.S. 224, 228 229 (1991) (qualified immunity provides "ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law"; the inquiry is not "whether another reasonable or more reasonable interpretation of events can be constructed . . . after the fact") (citation and internal quotations omitted).

Here, no published opinion from the Supreme Court or the Ninth Circuit has held that conduct similar to that of Defendants was violative of Plaintiff's stated Fourth Amendment rights under the objectively reasonable standard and based on circumstances closely analogous to this case. *See Wesby*, 138 S. Ct. at 589. Defendants had a reasonable belief that probable cause existed for criminal trespass. An officer may conduct a brief investigatory stop of a suspect when the officer has "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Foster v. City of Indio*, 908 F.3d 1204, 1213 (9th Cir. 2018). And probable cause exists "when 'under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime.' " *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986); *see also Maryland v. Pringle*, 540 U.S. 366, 371, (2003). Additionally, there is no violation if "it is

reasonably arguable that there was probable cause." *Henry v. Bank of Am. Corp.*, 522 F. App'x 406, 408 (9th Cir. 2013); *Guerrero v. Scarazzini*, 274 F. App'x 11, 13 (2d Cir. 2008) ("Arguable probable cause exists if 'either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'"). There is no constitutional guarantee that only the guilty will be arrested. *Baker v. McCollan*, 443 U.S. 127, 145 (1979). Once probable cause exists, there is no duty to further investigate. *Id.*, at 145-46. Even if a plaintiff is arrested in the absence of probable cause, an officer is still immune from an unlawful-arrest claim if it was "*reasonably arguable* that there was probable cause for arrest." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (emphasis in original). In other words, an officer is entitled to qualified immunity on an unlawful-arrest claim if "a reasonable officer *could have believed*" that probable cause was present. *Anderson*, 483 U.S. at 641 (emphasis added); see *Pearson v. Callahan*, 555 U.S. 223 at 244-45 (2009).

Here, based on the above-referenced case law, Plaintiff is incapable of overcoming Defendants' entitlement to qualified immunity as to any of his claims alleged against the individual defendants. Plaintiff asserted a right to film police activities that were occurring within a private convenience store parking lot, <u>from the vantage of</u> a non-patron standing in private convenience store parking lot. [Doc. 9 at ¶¶ 1, 22-27, 29, 31-33, 59] "No Trespassing" signage clearly displayed on the store's building near others filming and proximity to his location on the private property. Further, Plaintiff was not a store patron, and the store's private security guard –standing with the Officers at the time of the filming, prompted police to contact Plaintiff because he was a non-patron trespassing on private property. [*Id.*] At the very least, Defendants had arguable probable cause. *See Anderson*, 483 U.S. at 641. To the extent that Defendants made a mistake of fact or mistake of law regarding, for example, the significance of the "No Trespassing" signage in relation to the criminal trespassing misdemeanor charge or to

application of a right where the plaintiff entered private property to film against the private property owner's wishes and signage, qualified immunity would still apply. *Heien*, 574 U.S. at 60-61. Further, no clearly established right precludes Defendants' entitlement to qualified immunity related to the generalized argument that warrantless, misdemeanor arrests for misdemeanors such as trespass are unconstitutional. *See Atwater*, 532 U.S. at 354.

There was also no clearly established right for a person to film his *own* detention or arrest with his own camera while his detention or arrest is happening, *see Dave v. Laird*, 2021 WL 7367084 at *12 (S.D. Tex. Nov. 30, 2021), nor was there a clearly established right relating to Plaintiff's booking or booking photograph or fingerprint(s) obtained during a booking process, or his not guilty plea. *See*, *Atwater*, 532 U.S. at 355; *Paul v. Davis*, 424 U.S. 693, 718 (1976); *Jamali v. Cnty. of Maricopa*, 668 F.Appx 722, 723 (9th Cir. 2016); *Nunez v. Pachman*, 578 F.3d 228, 233 (3rd Cir. 2009); *Scheetz v. The Morning Call, Inc.*, 946 F.2d 202, 207 (3rd Cir. 1991).

Finally, Plaintiff failed to allege that any Officer actually turned off his recording device while he was detained in the Circle K parking lot. [*See generally* Doc. 9] "[A]llegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," need not be "accept[ed] as true." *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055 (internal quotation omitted). There was no clearly established right for a person to film continue recording while arrested and on private property where the company posted "No Trespassing" signs, where the person was not a store patron, and where the store's security guard vocalized a desire for plaintiff to not film.

## VI. PLAINTIFF FAILED TO STATE A VIABLE *MONELL* RELATED CLAIM.

To hold the City liable under § 1983, Plaintiff must show that "the municipality *itself* caused" him to suffer a constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694–95 (1978)). More specifically, Plaintiff must point to a specific "municipal policy or custom" that directly

caused him to be deprived of a constitutional right, *Bd. of Cty. Commissioners of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403 (1997), and that the policy or custom amounted to "deliberate indifference to [his] constitutional rights," *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Deliberate indifference is "a stringent standard of fault, requiring proof that [the municipality] disregarded a known or obvious consequence of [its] action." *Brown*, 520 U.S. at 410. To hold the City liable, in other words, Plaintiff must show that the City "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Additionally, if the Court finds that none of the defendant-officers violated Plaintiff's constitutional rights, the *Monell* claim necessarily fails. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (a *Monell* claim cannot survive without an underlying constitutional violation).

In Count Eight, Plaintiff alleges that a Police Department policy is unlawful because it allows officers "to arrest for violations of the law less than a misdemeanor, and also because it allows executive officers the power to release an arrestee at their discretion…" [Doc. 9 at ¶ 146] Plaintiff failed to state a viable claim. First, Plaintiff's claim against the City fails because, as noted above, he failed to state a viable constitutional claim against any defendant. *See Heller*, 475 U.S. at 799 (a *Monell* claim cannot survive without an underlying constitutional violation). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678. Unwarranted deductions of fact or unreasonable inferences need not be accepted as true. *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055. Second, Plaintiff was arrested for the misdemeanor Trespass in the Third Degree [*Id.*, at ¶¶ 39, 58], not for a violation of law less than a misdemeanor. [*Id.*, at ¶ 146] *Iqbal*, 556 U.S. at 678. Third, Plaintiff was transported to Mesa's Holding Facility that

night, and "the following day" saw his legal counsel and the judge, and he entered a not guilty plea in court. *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055. [*Id*., at ¶¶ 58-59]

Finally, Plaintiff has generally argued that A.R.S. §§13-3883 and 13-3903 are void because they unlawfully allow an officer to arrest a person on a misdemeanor charge without a warrant and an immediate court hearing. [*See* Doc. 9 at ¶¶ 52-58, 59] But these Arizona statutes are not void. Such statutes are commonly found in each state across the nation. *Atwater*, 532 U.S. at 343-45. According to the Supreme Court, an officer has the authority to perform a warrantless, misdemeanor arrest where the arrest is authorized under state law and based on probable cause. *Id*. [*See generally* Doc. 9 at ¶¶ 52-58, 59] In Arizona, an officer has the authority to arrest a person for trespassing under A.R.S. §13-1502. *See* A.R.S. §§13-3883 and 13-3903.

## VII.   AMENDMENT WOULD BE FUTILE.

Leave to amend should be denied where it would be futile. *Reddy v. Litton Indus., Inc*., 912 F.2d 291, 296 (9th Cir. 1990); *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("When a[n] amendment would be futile, there is no need to prolong the litigation by permitting further amendment") (quotations omitted).

Here, based on the facts alleged in his FAC, Plaintiff is incapable of curing the deficiencies in his claims. *See Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016) (leave to amend should be denied where additional allegations would be inconsistent with the challenged pleading or where additional allegations would contradict the challenged pleading); *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

## VIII.  CONCLUSION.

Based on the forgoing, the City of Mesa and Defendants Newby, Clark, Destefino, and Adams request that Plaintiff's claims be dismissed with prejudice and that the Court award them taxable costs.

DATED this 24th day of January, 2023.

        CITY OF MESA ATTORNEY'S OFFICE

        <u>/s/  Duncan J. Stoutner</u>
        Duncan J. Stoutner
        Alexander J. Lindvall
        Assistant City Attorneys
        *Attorneys for Defendants City of Mesa, Newby, Adams, Clark, and Destefino*