MGD

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Bassford, | No. CV-22-00572-PHX-JAT (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Mesa, et al., | |
| Defendants. | |

Plaintiff Michael Bassford, who is not in custody, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted permission to proceed in forma pauperis. Before the Court are Defendants' Motion to Dismiss and Motion to Quash Service (Doc. 23) and Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 31). Plaintiff was informed of his rights and obligations to respond to the Motions (Docs. 24, 33), and he opposes them. (Docs. 25, 40.)

**I.  Background**

On screening of Plaintiff's First Amended Complaint (FAC) (Doc. 9) pursuant to 28 U.S.C. § 1915e(2), the Court determined that Plaintiff stated claims against Defendants City of Mesa Police Officers Kyler Newby, Joseph Rangel, Phillip Clark, Michael Destefino, and Joseph Adams for false arrest (Count Two), violation of his First Amendment rights (Count Three), and false imprisonment (Count Four), and against Defendant City of Mesa based on an allegedly unlawful policy (Count Eight). (Doc. 13.) The Court directed these Defendants to answer the claims against them and dismissed the

1  remaining claims and Defendants. (*Id.*) The Court required Plaintiff to either serve these
2  Defendants or obtain a waiver of service for each Defendant. (*Id.*) The Court warned
3  Plaintiff that if he did not either obtain a waiver of service of the summons or complete
4  service of the Summons and Complaint on a Defendant within 90 days of the filing of the
5  Complaint or within 60 days of the filing of the Court's November 18, 2022 Screening
6  Order, whichever is later, the action may be dismissed as to each Defendant not served.
7  (*Id.*)

**II.     Motion to Dismiss and Motion to Quash Service**

On December 12, 2022, Plaintiff filed Proofs of Service and Certificates of Service for Defendants City of Mesa, Newby, Rangel, Destefino, Adams and Clark. (Docs. 19-22.)

On December 22, 2022, Defendants filed their Motion to Dismiss and Motion to Quash Service, asserting that service was defective as to all Defendants, including Defendant Rangel, who no longer works for the City of Mesa.[1] (Doc. 23.) Defendants' primary contention is that Plaintiff only served the summons but did not deliver a copy of the original complaint or FAC. (*Id.*)

On January 6, 2023, Plaintiff filed a Response to the Motion to Dismiss in which he concedes that service was defective as to all Defendants but asserts that he has now properly re-served all Defendants except Defendant Rangel. (Doc. 25.) On January 10, 2023, process receipts were filed indicating execution of service on all Defendants except Defendant Rangel. (Docs. 26-30).

Plaintiff also filed a "Motion for U.S. Marshals Service" in which Plaintiff explained that he does not have a service address for Defendant Rangel, and he requests that the Court direct the United States Marshals Service (USMS) to effect service on Defendant Rangel. (Doc. 25-1.) On February 24, 2023, Magistrate Judge Willett granted Plaintiff's Motion for service but informed Plaintiff that it is his responsibility to discover a service address for Defendant Rangel. (Doc. 43 at 2.) Judge Willett directed the Clerk

---

[1] The Motion to Dismiss was filed by all Defendants except Rangel.

of Court to send Plaintiff a blank subpoena duces tecum for Plaintiff to use to discover a service address for Defendant Rangel, and Judge Willett extended the service deadline for Defendant Rangel by 90 days from the date of the Order. (*Id*.) Judge Willett directed that upon receipt of the properly completed subpoena, the Clerk of Court shall forward it and a service packet to the USMS for service on Defendant Rangel. (*Id*. at 3-4.)

Defendants did not file a Reply to their Motion to Dismiss, apparently conceding that Plaintiff has now properly effected service on Defendants City of Mesa, Newby, Clark, Destefino, and Adams. Moreover, the Court has reviewed the returns of service on Defendants City of Mesa, Newby, Clark, Destefino, and Adams, and it appears service on these Defendants was properly completed. It does not appear that service has been executed yet on Defendant Rangel, but the time for service on Rangel has not yet expired. Accordingly, the Court will deny Defendants' Motion to Dismiss and Motion to Quash Service.

**III.     Motion to Dismiss for Failure to State a Claim**

On January 24, 2023, Defendants City of Mesa, Newby, Clerk, Destefino and Adams filed their Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 31.) Defendants argue that Plaintiff failed to state viable First or Fourth Amendment claims against the individual Defendant Officers, who are alternatively entitled to qualified immunity, and Plaintiff failed to state a viable claim against the City of Mesa pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694–95 (1978). (*Id*.) As to the Fourth Amendment claims in Counts Two and Four, Defendants argue Plaintiff fails to state a claim because there was probable cause to arrest him. (Doc. 31 at 5-7.) As to the First Amendment claim in Count Three, Defendants argue Plaintiff was not engaged in constitutionally protected activity because Defendants reasonably believed Plaintiff was trespassing on private property. (*Id*. at 7-8.) Defendants also argue that Plaintiff failed to state a *Monell* claim in Count Eight against Defendant City of Mesa in part because he failed to state a viable constitutional claim against any individual Defendant. (*Id*. at 12.)

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is "a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (internal quotation omitted). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678

As an initial matter, the Court already screened Plaintiff's FAC pursuant to 28 U.S.C. § 1915(e)(2) under the standard identical to that found in Rule 12(b)(6) and determined that Plaintiff's allegations sufficiently state plausible constitutional claims against the individual Defendants and against the City of Mesa based on its policy in Counts Two, Three, Four and Eight. (Doc. 13.) *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.").

Further, as to Defendants' argument that the individual officers are entitled to qualified immunity, Defendants' arguments go to the merits of Plaintiff's claims in Counts Two, Three and Four and are appropriately addressed at the summary judgment stage, not on a 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(d). Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In deciding if qualified immunity applies, the Court must determine: (1) whether the facts alleged show the defendant's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 230–32, 235-36 (2009) (courts may address either prong first depending on the circumstances in the case). Because Plaintiff

has sufficiently alleged a violation of his constitutional rights, it is premature for the Court to determine whether any individual Defendant is entitled to qualified immunity. Defendants may re-assert this argument in a properly supported motion for summary judgment.

Nothing in Defendants' Motion to Dismiss has caused the Court to reconsider its screening Order, and the Court will deny the Motion.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Defendants' Motions to Dismiss (Docs. 23 and 31), and the Motions are **denied**.

Dated this 25th day of May, 2023.

James A. Teilborg
Senior United States District Judge