**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Bassford,<br><br>   Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>   Defendants. | No. CV-22-00572-PHX-JAT (ESW)<br><br>**ORDER** |

  Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett regarding Plaintiff's failure to provide the United States Marshals Service ("USMS") with sufficient information to effect service upon Defendant Joseph Rangel. (Doc. 91). The R&R recommends that Defendant Joseph Rangel be dismissed without prejudice for failure to timely serve. (*Id.* at 3). Magistrate Judge Willett advised the parties that they had fourteen days to file objections to the R&R. (*Id.* at 3–4). No party has filed an objection.

  A district court's standard of review of a Magistrate Judge's report and recommendation turns on whether the parties have timely objected. Fed. R. Civ. P. 72(b). It is "clear that the district judge must review the Magistrate Judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are

made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (The district court "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1] "Failure to make timely objection to the [M]agistrate [Judge]'s report prior to its adoption by the district judge may constitute a waiver of appellate review of the district judge's order." Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983, *citing United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Accordingly, in the absence of objections, the Court agrees with the recommended decision within the meaning of Federal Rule of Civil Procedure 72(b). *See* 28 U.S.C. § 636(b)(1)(C) ("A [district court judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Magistrate Judge Willett, (Doc. 91), is accepted.

**IT IS FURTHER ORDERED** that Defendant Joseph Rangel is dismissed without prejudice.

Dated this 26th day of February, 2024.

James A. Teilborg
Senior United States District Judge

---

[1] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983 *citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to Magistrate Judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. As such, this Court follows the Ninth Circuit's en banc decision in *Reyna-Tapia* on this issue.