**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL BASSFORD,<br><br>   Plaintiff - Appellee,<br><br>  v.<br><br>KYLER NEWBY,<br><br>   Defendant - Appellant,<br><br>and<br><br>CITY OF MESA, et al.,<br><br>   Defendants. | No. 24-5525<br><br>D.C. No.<br>2:22-cv-00572-JAT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted August 15, 2025**
San Francisco, California

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER, District Judge.***
Dissent by Judge Fitzwater.

Defendant-Appellant Officer Kyler Newby appeals the district court's denial of qualified immunity on summary judgment as to Plaintiff-Appellee Gabriel Bassford's First Amendment retaliatory arrest claim. Orders denying summary judgment motions are usually not immediately appealable under 28 U.S.C. § 1291, but denials of qualified immunity at the summary judgment stage are immediately reviewable "under the collateral order exception to finality." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022). We have jurisdiction, and we affirm.

The district court did not err in denying qualified immunity to Officer Newby for Bassford's retaliatory arrest claim. "We must affirm the district court's denial of qualified immunity if, resolving all factual disputes and drawing all inferences in [Bassford's] favor, [Officer Newby's] conduct (1) violated a constitutional right (2) that was clearly established at the time of [Officer Newby's] alleged misconduct." *Rosenbaum v. City of San Jose*, 107 F.4th 919, 924 (9th Cir. 2024) (cleaned up).

Under prong one, the district court correctly concluded that a jury could find Officer Newby arrested Bassford in violation of the First Amendment and without probable cause. Officer Newby's only challenge is that Bassford was not "engaged

---

*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

2

in a constitutionally protected activity" because there is no right to film police on private property. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019). Officer Newby's argument fails under established Ninth Circuit precedent. The Ninth Circuit has "recognized that there is a First Amendment right to film matters of public interest." *Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1203 (9th Cir. 2018) (cleaned up). The Ninth Circuit has never limited the scope of the First Amendment to categorically exclude this type of activity on private property. Rather, the Ninth Circuit has held that the First Amendment applied to secret audiovisual recording on private property done without the consent of the business owner, *see id.* at 1189, 1203-05, and that the First Amendment applied to secret audiovisual recording of conversations in both public and private places, *see Project Veritas v. Schmidt*, 125 F.4th 929, 937, 942 (9th Cir. 2025) (en banc).

Under prong two, the district court correctly found that "[t]he right at issue is the right to be free from arrest for engaging in First Amendment activity in retaliation for engaging in that activity where there is no probable cause for the arrest," and that this right was clearly established in 2021. "[I]n July 2013, binding Ninth Circuit precedent gave fair notice that it would be unlawful to arrest Plaintiffs in retaliation for their First Amendment activity, notwithstanding the existence of probable cause." *Ballentine v. Tucker*, 28 F.4th 54, 65 (9th Cir. 2022). *See id*. (holding this "right was first established in our November 2006 decision in

*Skoog* [*v. Cnty. of Clackamas*, 469 F.3d 1221, 1235 (9th Cir. 2006)]," and reaffirmed in "our February 2013 decision in *Ford* [*v. City of Yakima*, 706 F.3d 1188, 1194 (9th Cir. 2013)]"). Thus, at the time Officer Newby acted, the law in the Ninth Circuit was clearly established that it would be unlawful to arrest Bassford in retaliation for Bassford's First Amendment activity, notwithstanding the existence of probable cause. Given this clearly established law, it was clearly established that it would be unlawful for Officer Newby to arrest Bassford in retaliation for Bassford's First Amendment activity *without* probable cause.

Officer Newby's arguments to the contrary are unpersuasive. The district court correctly characterized the right at issue. *Ballentine v. Tucker*, 28 F.4th 54, 65 (9th Cir. 2022), held that the right at issue in a First Amendment retaliatory arrest claim is the right not to be arrested in retaliation for engaging in First Amendment activity, notwithstanding the existence of probable cause. Officer Newby contends that the district court's articulation of the right was not sufficiently fact-specific and at too high a level of generality. However, both U.S. Supreme Court and Ninth Circuit precedent articulate the right at a similar level of generality as the district court. *See Reichle v. Howards*, 566 U.S. 658, 665 (2012) ("[T]he right in question is not *the general right* to be free from retaliation for one's speech, but *the more specific right* to be free from a retaliatory arrest that is otherwise supported by probable cause.") (emphasis added); *Ballentine*, 28 F.4th at

65 ("[I]t would be unlawful to arrest Plaintiffs in retaliation for their First Amendment activity, notwithstanding the existence of probable cause.").

Finally, Officer Newby contends that arguable probable cause should defeat a First Amendment retaliatory arrest claim. Similarly, the dissent would grant Officer Newby qualified immunity because a reasonable officer could have believed that he had probable cause to arrest Bassford. Although the dissent does not use the phrase arguable probable cause, it acknowledges that it raises the same arguable probable clause argument as Officer Newby.

The district court's finding of arguable probable cause on Bassford's Fourth Amendment unlawful arrest claim does not necessarily defeat his First Amendment retaliatory arrest claim. "Although probable cause should generally defeat a retaliatory arrest claim," there is an exception for situations where an officer has probable cause, but typically would not make an arrest. *Nieves v. Bartlett*, 587 U.S. 391, 406 (2019). Thus, a plaintiff can establish a First Amendment retaliatory arrest claim even when an officer has *actual* probable cause, meaning a finding of *arguable* probable cause would not necessarily defeat the claim.

Further, regardless of whether the *Nieves* exception applies to this case, the U.S. Supreme Court and Ninth Circuit have not imported arguable probable cause from the Fourth Amendment unlawful arrest context into the First Amendment retaliatory arrest context. *See Reichle*, 566 U.S. at 664-65; *Ballentine*, 28 F.4th at

5

65. Arguable probable cause as asserted by Officer Newby and the dissent derives from Fourth Amendment unlawful arrest claims. *See Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) ("In the context of an unlawful arrest, then, the two prongs of the qualified immunity analysis can be summarized as: (1) whether there was probable cause for the arrest; and (2) whether it is *reasonably arguable* that there was probable cause for arrest—that is, whether reasonable officers could disagree as to the legality of the arrest[.]"); *D.C. v. Wesby*, 583 U.S. 48, 65 (2018) ("Even assuming the officers lacked actual probable cause to arrest the partygoers, the officers are entitled to qualified immunity because they reasonably but mistakenly concluded that probable cause was present.") (cleaned up). The two recent U.S. Supreme Court cases cited by the dissent examining First Amendment retaliatory arrest claims discuss probable cause, not arguable probable cause. *See Nieves*, 587 U.S. at 406 ("Although probable cause should generally defeat a retaliatory arrest claim, a narrow qualification is warranted for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so."); *Gonzalez v. Trevino*, 602 U.S. 653, 655 (2024) (per curiam) ("[A]s a general rule, a plaintiff bringing a retaliatory-arrest claim must plead and prove the absence of probable cause for the arrest.") (internal quotation marks and citation omitted).

As the U.S. Supreme Court and Ninth Circuit have not yet imported arguable probable cause from the Fourth Amendment unlawful arrest context into the First Amendment retaliatory arrest context, we decline to do so.  Moreover, there is good reason to treat Fourth Amendment unlawful arrest claims differently than First Amendment retaliatory arrest claims.  "The point of [a First Amendment retaliatory arrest] claim isn't to guard against officers who *lack* lawful authority to make an arrest.  Rather, it's to guard against officers who *abuse* their authority by making an otherwise lawful arrest for an unconstitutional *reason*."  *Nieves*, 587 U.S. at 414 (Gorsuch, J., concurring).

**AFFIRMED**.

FILED

AUG 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Bassford v. Newby*, No. 24-5525

FITZWATER, District Judge, dissenting:

Because I would hold that defendant-appellant Kyler Newby ("Officer Newby") is entitled to qualified immunity from plaintiff-appellee Gabriel J. Bassford's ("Bassford's") First Amendment retaliatory arrest claim, I respectfully dissent.

To recover on his First Amendment retaliatory arrest claim, Bassford must plead and prove the absence of probable cause for his arrest. *Nieves v. Bartlett*, 587 U.S. 391, 404 (2019). The "[Supreme] Court has never recognized a First Amendment right to be free from a retaliatory arrest that is supported by probable cause." *Reichle v. Howards*, 566 U.S. 658, 664-65 (2012). As recently as 2024, after the October 9, 2021 incident at issue in this case, the Supreme Court again recognized in the context of a First Amendment retaliation claim "that, as a general rule, a plaintiff bringing a retaliatory-arrest claim 'must plead and prove the absence of probable cause for the arrest.'" *Gonzalez v. Trevino*, 602 U.S. 653, 655 (2024) (per curiam) (quoting *Nieves*, 587 U.S. at 402).[1] Where there is probable cause to arrest a plaintiff, "his retaliatory arrest claim fails as a matter of law." *Nieves*, 587 U.S. at 408 (addressing First

---

[1] The reason this is a "general rule" is because there is a narrow exception "when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 587 U.S. at 407; *see also Gonzalez*, 602 U.S. at 655 ("At the same time, we recognized a narrow exception to that rule."). Bassford cites this exception in his response brief, Appellee Br. 24-25 n.8, but he does not allege that it applies in this case.

Amendment-based retaliation claim).

Officer Newby is entitled to qualified immunity unless Bassford can show that Officer Newby violated Bassford's constitutional right and that the right was clearly established at the time of the challenged conduct. *See, e.g.*, *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "[P]olice officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (internal quotation marks omitted). Bassford must demonstrate "that every reasonable official would have understood that what he is doing violates" the law. *al-Kidd*, 563 U.S. at 741.

Even if all factual disputes are resolved, and all reasonable inferences are drawn, in Bassford's favor, a reasonable officer could have believed that he had probable cause to arrest Bassford. Probable cause could have been based on the assertions of the Circle K (private property owner's) security officer that Bassford was trespassing and loitering (i.e., without considering whether Bassford could have observed, or did observe, the posted "NO TRESPASSING" sign), and the security officer's suggestions that Bassford could be arrested for these violations. In other words, a reasonable officer could have believed from what the property owner's security officer said that he had probable cause to arrest Bassford for trespassing and loitering and that his arrest

- 2 -

of Bassford was lawful.² Officer Newby is therefore entitled to qualified immunity as a matter of law.

Moreover, in deciding that Officer Newby is entitled to qualified immunity on Bassford's false arrest claim, the district court *did* correctly hold that it was objectively reasonable for Officer Newby to believe that he had probable cause to arrest Bassford. Although the claims are different, I have found no distinction in the case law between what is required for probable cause for purposes of a false arrest claim and what is required for purposes of a First Amendment retaliatory arrest claim.

Accordingly, I respectfully dissent from the decision to affirm the denial of qualified immunity for Officer Newby as to Bassford's First Amendment retaliatory arrest claim.

---

²Officer Newby raised this argument on appeal. Appellant Br. 24-25 ("Based on *Nieves*, *supra*, an officer is entitled to qualified immunity if 'a reasonable officer *could have believed*' that probable cause was present.") (some citations omitted). And the individual defendants, including Officer Newby, preserved this argument in the district court. Defs.' Mot. Summ. J. 12, ER at 199 ("In other words, an officer is entitled to qualified immunity on an unlawful-arrest claim if a reasonable officer *could have believed* that probable cause was present.") (citation and internal quotation marks omitted); *id*. ("Defendants are also entitled to immunity based on arguable probable cause.") (citation omitted); *id.* at 11, ER at 198 ("Further, Defendants had a reasonable belief that probable cause existed for criminal trespass.").