Gabriel J. Bassford
1901 W. Madison St.
Apt 605
Phoenix, Arizona 85009
Gbassford01@gmail.com
(480)714-1675

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Gabriel J. Bassford, | No. CV-22-00572-PHX-JAT |
| Plaintiff, | |
| | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT KYLER NEWBY'S MOTION IN LIMINE NO. 3** |
| v. | |
| City of Mesa, et al., | **EXCLUDE EVIDENCE AND ARGUMENT OF FIRST AMENDMENT RIGHT THAT SUPERSEDES PRIVATE PROPERTY RIGHTS AND CRIMINAL LAWS** |
| Defendants. | |

Plaintiff Gabriel Bassford responds to Defendant Kyler Newby's Motion in Limine No. 3. Defendant seeks to exclude evidence and argument concerning Plaintiff's First Amendment right to record law enforcement activity and attempts to frame the issue as whether the First Amendment creates an unlimited right to trespass on private property. That is not Plaintiff's claim, and it is not the issue remaining for trial.

1

Plaintiff does not contend that the First Amendment creates an unlimited right to trespass on private property or categorically supersedes generally applicable criminal trespass laws. But Defendant's motion is overbroad and should be denied because it would improperly prevent Plaintiff from presenting the factual and legal basis of his remaining First Amendment retaliatory arrest claim.

The remaining claim is that Defendant Newby arrested Plaintiff in retaliation for recording law enforcement activity. Evidence that Plaintiff was recording law enforcement activity, that Defendant knew Plaintiff was recording, that Defendant referred to the individuals filming as "First Amendment auditors," and that Defendant allegedly used trespass as a pretext for arrest is directly relevant to protected activity, motive, causation, pretext, and damages.

**I. Defendant's Motion Repackages Arguments Already Rejected on Appeal**

Defendant's Motion in Limine No. 3 repeats the same private-property argument that Defendant raised in the Ninth Circuit. Defendant argued on appeal that Plaintiff was not engaged in constitutionally protected activity because there is no right to film police on private property. The Ninth Circuit rejected that argument. In affirming the denial of qualified immunity, the court held that "the district court correctly concluded that a jury could find Officer Newby arrested Bassford in violation of the First Amendment and without probable cause." The panel specifically stated that "Officer Newby's argument fails under established Ninth Circuit precedent."

The Ninth Circuit recognized that it has "recognized that there is a First Amendment right to film matters of public interest," citing **Animal Legal Defense Fund v. Wasden**, 878 F.3d 1184, 1203 (9th Cir. 2018). The panel further held that the Ninth Circuit has "never limited the scope of the First Amendment to categorically exclude this type of activity on private property." It noted that the First Amendment has applied to audiovisual recording on private property without the business owner's consent, citing **Animal Legal Defense Fund**, and to audiovisual recording in both public and private places, citing **Project Veritas v. Schmidt**, 125 F.4th 929, 937, 942 (9th Cir. 2025) (en banc).

2

That appellate ruling directly undermines Defendant's requested exclusion. Defendant's motion asks this Court to prevent Plaintiff from arguing that his recording activity was protected First Amendment activity under the circumstances. But the Ninth Circuit has already held that Defendant's categorical private-property argument fails and that a jury could find a First Amendment violation.

### II. Plaintiff Does Not Claim an Unlimited Right to Trespass

Plaintiff does not intend to argue that private property automatically becomes a public forum or that the First Amendment gives a person an unlimited right to trespass. Defendant's cases concerning private-property owners' rights, including **Lloyd Corp. v. Tanner**, 407 U.S. 551 (1972), do not justify the blanket exclusion Defendant seeks.

Those cases stand for the general proposition that private property owners may restrict access to their property and that the First Amendment does not itself transform private property into a public forum. Plaintiff is not suing Circle K for restricting speech, and Plaintiff is not claiming Circle K's parking lot became a traditional public forum. Plaintiff's claim is against a state actor, Officer Newby, for allegedly arresting Plaintiff in retaliation for recording police activity.

The distinction matters. As Plaintiff argued on appeal, **Lloyd** involved a direct First Amendment claim against a private company restricting handbilling on its own property, not a First Amendment retaliatory arrest claim against a government officer. Defendant's reliance on private-property cases therefore does not support excluding Plaintiff from presenting evidence that Defendant arrested him because he was recording police.

### III. Retaliatory Arrest Law Focuses on Government Motive, Not Merely Location

The Supreme Court has recognized that "the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for protected speech. **Hartman v. Moore**, 547 U.S. 250, 256 (2006). The Supreme Court reaffirmed this principle in **Nieves v. Bartlett**, 587 U.S. 391, 398 (2019), explaining that government officials may not retaliate against an individual for engaging in protected speech.

The Ninth Circuit has likewise recognized this principle. In **Ballentine v. Tucker**, 28 F.4th 54, 65 (9th Cir. 2022), the Ninth Circuit held that binding precedent gave officers fair notice that it would be unlawful to arrest plaintiffs in retaliation for First Amendment activity. The Ninth Circuit in this case relied on **Ballentine**, **Skoog v. County of Clackamas**, 469 F.3d 1221 (9th Cir. 2006), and **Ford v. City of Yakima**, 706 F.3d 1188 (9th Cir. 2013), in affirming the denial of qualified immunity. The panel held that, at the time Defendant acted, "the law in the Ninth Circuit was clearly established that it would be unlawful to arrest Bassford in retaliation for Bassford's First Amendment activity."

Defendant's motion tries to shift the issue from retaliatory motive to property status. But the remaining claim concerns why Defendant arrested Plaintiff. The relevant trial questions include whether Plaintiff was recording law enforcement activity, whether Defendant knew that, whether Defendant reacted to that recording activity, whether Defendant's stated trespass basis was genuine or pretextual, and whether retaliatory animus was a substantial or motivating factor in the arrest.

Those issues cannot be tried if Plaintiff is prohibited from explaining that he was recording law enforcement activity or from arguing that the arrest was retaliatory.

**IV. First Amendment Retaliation Claims Can Arise From Speech on Private Property**

Defendant's categorical position that speech on private property cannot support a First Amendment retaliation claim is incorrect. In **Reichle v. Howards**, 566 U.S. 658 (2012), the plaintiff's speech occurred in a shopping mall when he approached Vice President Cheney and expressed opposition to the Bush administration's foreign policy. As Plaintiff's appellate brief explained, the Supreme Court did not treat the private-property location as defeating the retaliatory arrest theory; instead, the Court analyzed the claim under retaliatory arrest and qualified immunity principles.

The Ninth Circuit's decision in this case confirms the same point. The panel rejected Defendant's argument that private property categorically removes this type of activity from First Amendment protection. It relied on **Animal Legal Defense Fund** and **Project Veritas** for the proposition that recording activity may receive First Amendment protection even where the recording occurs on private property or in private places.

This does not mean Plaintiff has an unlimited right to trespass. It means Defendant cannot obtain a blanket ruling preventing Plaintiff from arguing the remaining claim: that Defendant used trespass as a pretext to arrest Plaintiff because Plaintiff was recording police.

### V. The Sequence of Events Supports Plaintiff's Retaliation and Pretext Theory

Defendant's motion wrongly frames this case as though Plaintiff entered the Circle K parking lot as an obvious trespasser and was arrested merely because of a neutral trespass issue. The evidence supports a different sequence.

The evidence will show that Plaintiff and others were present in the Circle K parking lot recording law enforcement activity. Officer Newby did not initially treat the individuals filming as trespassers. Instead, he referred to them, in substance, as "new customers" with cameras. After the Circle K security guard finished discussing the unrelated trespass matter that originally brought police to the scene, the security guard asked who the individuals filming were. Officer Newby then identified them as "First Amendment auditors" and stated that they were not customers. Only after that did the security guard state words to the effect of, "You can trespass them if you want to."

That sequence is directly relevant to Plaintiff's remaining claim. It supports Plaintiff's position that any alleged revocation of access occurred only after Officer Newby identified the individuals by reference to their filming / First Amendment auditing activity. If access was revoked at that point, Plaintiff should have received clear notice and a reasonable opportunity to leave before being detained and arrested.

This is not an argument that the First Amendment creates an unlimited right to trespass. It is evidence that the asserted trespass basis was triggered by, and used as a pretext for, retaliation against Plaintiff's recording activity. The jury is entitled to consider this sequence when deciding whether Plaintiff's recording activity was a substantial or motivating factor in Defendant's detention and arrest.

**VI. Defendant's Motion Would Mislead the Jury and Prevent Plaintiff From Trying the Remaining Claim**

The jury must be allowed to hear the factual context of the incident. Plaintiff should be permitted to present evidence and argument that:

1.  Plaintiff was recording law enforcement activity;

2.  Defendant knew Plaintiff was recording;

3.  Defendant referred to the individuals filming as "First Amendment auditors";

4.  Defendant detained and arrested Plaintiff shortly after identifying the filming activity;

5.  Plaintiff did not see the "No Trespassing" sign under the circumstances;

6.  Plaintiff was not clearly asked to leave before being detained;

7.  the asserted trespass basis was pretextual or insufficient; and

8.  Plaintiff's recording activity was a substantial or motivating factor in the arrest.

Those are not improper arguments that the First Amendment "supersedes" private property or trespass laws. They are the core factual issues relevant to a First Amendment retaliatory arrest claim.

Defendant may argue to the jury, consistent with the Court's instructions, that Plaintiff was on private property, that Circle K had private property rights, and that the arrest was based on trespass rather than retaliation. But Plaintiff must be allowed to respond that the trespass justification was pretextual and that Defendant arrested him because he was recording police.

### VII. Rule 401, 402, and 403 Do Not Support Blanket Exclusion

The evidence and argument Defendant seeks to exclude are relevant under Rules 401 and 402. They go directly to the remaining claim. They are probative of protected activity, knowledge, motive, causation, pretext, and damages.

Nor does Rule 403 justify exclusion. Defendant's motion is not aimed at excluding narrow unfairly prejudicial evidence. It seeks a broad merits ruling that would prevent Plaintiff from presenting his theory of the case. Any risk of confusion can be addressed through proper jury instructions explaining that the First Amendment does not create an unlimited right to trespass, while also allowing the jury to decide whether Defendant arrested Plaintiff in retaliation for recording law enforcement activity.

A limiting instruction, if necessary, is far more appropriate than categorical exclusion. For example, the Court could instruct the jury that Plaintiff does not claim an unlimited First Amendment right to trespass, but that the jury may consider evidence of Plaintiff's recording activity for purposes of evaluating the retaliatory arrest claim, including motive, causation, and pretext.

### VIII. Conclusion

Plaintiff does not contend that the First Amendment creates an unlimited right to trespass on private property or that it categorically supersedes generally applicable criminal trespass laws. But Defendant's Motion in Limine No. 3 should be denied because it is overbroad, repackages arguments already rejected on appeal, and seeks to exclude the central facts and arguments supporting Plaintiff's remaining First Amendment retaliatory arrest claim.

The Ninth Circuit has already rejected Defendant's categorical private-property theory in this case and affirmed that a jury could find Officer Newby arrested Plaintiff in violation of the First Amendment and without probable cause. Defendant should not be permitted to use a motion in limine to relitigate that issue or prevent Plaintiff from presenting the remaining claim to the jury.

The issue is not whether Circle K could revoke access to its property; the issue is when, why, and how that alleged revocation occurred, and whether Defendant converted that alleged revocation into an immediate retaliatory detention and arrest because Plaintiff was recording law enforcement activity.

For these reasons, Defendant's Motion in Limine No. 3 should be denied. Alternatively, the Court should grant only the narrow relief Plaintiff does not oppose: Plaintiff will not argue that the First Amendment creates an unlimited right to trespass on private property or automatically supersedes generally applicable trespass laws.

Dated this 22nd day of April 2026.

Respectfully submitted,

*/s/ Gabriel Bassford*

8

Gabriel J. Bassford
Plaintiff Pro Se
gbassford01@gmail.com
1901 W. Madison St.
Apt. 605
Phoenix, AZ 85009
(480) 714-1675

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record who are registered to receive electronic service.

For any parties not registered with CM/ECF, a copy will be served by U.S. Mail, Email, or Personal Delivery, as noted in the proof of service on file.

**Duncan Stoutner**

**Duncan.Stoutner@mesaaz.gov**

**P.O. Box 1466**

**Mesa, AZ 85201-1466**

Respectfully submitted,

*/s/ Gabriel Bassford*

Gabriel J. Bassford
*Plaintiff Pro Se*
1901 W. Madison St.
Apt. 605
Phoenix, AZ 85009
(480) 714-1675