**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Bassford, | No. CV-22-00572-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Kyler Newby, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for New Trial and/or to Alter or Amend Judgment (Doc. 197). Defendant Newby filed a Response (Doc. 199).[1] Also pending before the Court is Plaintiff's Motion for Transcripts at Government Expense (Doc. 194). The Court now rules.

## I.   BACKGROUND

Plaintiff Gabriel Bassford brought this civil rights action under 42 U.S.C. § 1983 against Defendant Kyler Newby. (Doc. 9; Doc. 115). Pursuant to 28 U.S.C. § 1915(a), the Court allowed Plaintiff, who is proceeding pro se, to proceed in forma pauperis in this case. (Doc. 6). All claims and defendants were dismissed except Plaintiff's First Amendment retaliation claim against Officer Kyler Newby, which proceeded to a jury trial. After a four-

---

[1] Plaintiff filed a Reply 4 days late. (Doc. 200); LRCiv 7.2(d) ("The moving party . . . shall have seven (7) days after service of the responsive memorandum to file a reply memorandum if that party so desires."). Plaintiff did not move for an extension of time. *See* Fed. R. Civ. P. 6(b)(1)(B) (permitting the Court to extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect"); LRCiv 7.3. The Court nonetheless read the untimely Reply and determines that nothing in the Reply changes the result the Court reaches in this Order.

day trial, the jury returned a verdict in favor of Defendant Newby. (Doc. 191). The Clerk of Court entered judgment in favor of Defendant on June 2, 2026. (Doc. 193).

Following the entry of judgment, Plaintiff moved for transcripts at government expense (Doc. 194). Plaintiff also moved for a new trial under Federal Rule of Civil Procedure 59(a), to alter or amend judgment under Rule 59(e), and for leave to supplement the motion with transcript citations once available to him (Doc. 197).

## II.    MOTION FOR NEW TRIAL AND TO ALTER OR AMEND JUDGMENT[2]

A motion for new trial under Rule 59(a) may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted" in federal court. Fed. R. Civ. P. 59(a)(1)(A). "The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000). Recognized grounds for a new trial "include, but are not limited to, claims 'that a verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). "It is equally clear that erroneous jury instructions, as

[2] Plaintiff also requests leave to supplement his Motion with transcripts at government expense. (Doc. 197 at 16). However, the Court "located no statute authorizing the payment of fees associated with preparation of a trial transcript for purposes of filing post-trial motions in a civil case." *Jacobs v. Delano*, No. 07-237, 2014 WL 2214219, at *4 (W.D. Pa. May 28, 2014); *Gill v. Neaves*, 657 F. Supp. 1394, 1401 (W.D. Tex. 1987) ("The Court has considered this request [for transcripts] and is of the opinion that it should be denied because of the absence of any statutory authority to provide a transcript to Plaintiff prior to appeal of the case."); *United States v. Banks*, 369 F. Supp. 951, 953 (M.D. Pa. 1974) (denying an indigent defendant's transcript request to support a motion for new trial in a criminal case). At best, the in forma pauperis preparation of a trial transcript for use in a motion for new trial is discretionary. *See Jacobs*, 2014 WL 2214219, at *4; *Banks*, 369 F. Supp. at 955; *United States v. Al Zubair*, No. 1:24-CR-17, 2026 WL 817967, at *1 (N.D. Ohio Mar. 25, 2026) ("The trial court has full discretion to determine whether a free transcript should be provided to assist an indigent defendant in preparing a motion for new trial."). Because the trial lasted only four days and occurred less than two months ago, and the Court is familiar with the facts, legal issues, and its own rulings in this case, the Court concludes that the requested transcripts will have no effect on the viability of Plaintiff's post-trial motion and therefore need not be produced at public cost on that basis. *See Jacobs*, 2014 WL 2214219, at *4. Therefore, Plaintiff's request for leave to supplement is denied.

well as the failure to give adequate instructions, are also bases for a new trial." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).

Plaintiff also asks this Court to alter or amend the judgment under Rule 59(e). The Court may alter or amend a judgment if: (1) the Court is presented with newly discovered evidence, (2) the judgment at trial was manifestly unjust, (3) there has been an intervening change in controlling law, or (4) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)); *see also United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," *Kona Enters., Inc.*, 229 F.3d at 890, and may not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly,'" *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Plaintiff argues that he is entitled to a new trial based on the following grounds:

**(1)** Plaintiff takes issue with "Defendant's trial theory," arguing that "[b]y presenting recording without approval as criminal trespass, the defense effectively converted disputed elements into assumed facts." (Doc. 197 at 6). However, the Court specifically instructed the jury that "[a]rguments and statements by lawyers are not evidence." (Doc. 184 at 5). Moreover, the final jury instructions defined criminal trespass (Doc. 184 at 10) and instructed the jurors that they must follow the law as given by the Court (Doc. 184 at 2). *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions."). This does not entitle Plaintiff to a new trial.

**(2)** Plaintiff takes issue with Defendant Newby's testimony regarding his training

on trespass, arguing that this testimony is at odds with the jury instruction defining criminal trespass, creating a risk that the jury would defer to Defendant Newby's definition rather than the Court's. (Doc. 197 at 6). However, as previously mentioned, the final jury instructions defined criminal trespass (Doc. 184 at 10) and instructed the jurors that they must follow the law as given by the Court (Doc. 184 at 2). Moreover, the definition of criminal trespass was only relevant to the jury's determination as to whether Defendant Newby had probable cause to arrest Plaintiff for criminal trespass—the jury was not applying state criminal law to determine whether Plaintiff was in fact committing criminal trespass. (Doc. 184 at 10). Thus, Defendant Newby's training regarding trespass was relevant to probable cause. The jury was also instructed that it must decide what testimony to believe and how much weight to give any evidence. (Doc. 184 at 6–7). This is not grounds for a new trial.

Plaintiff additionally argues that Defendant Newby's testimony evidenced a "custom or practice that systematically violates constitutional rights," and therefore he is entitled "a new trial to address the underlying *Monell* liability." (Doc. 197 at 6, 18). However, *Monell* liability pertains to municipal liability. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). The City of Mesa was dismissed from this case before trial. (Doc. 115 at 19). "[A] Rule 59(a) motion for new trial is not available on claims or causes of actions for which Plaintiffs never received a trial." *Merrill v. Cnty. of Madera*, 389 F. App'x 613, 615 (9th Cir. 2010).

To the extent Plaintiff asks the Court to reconsider the August 15, 2024 Order (Doc. 115) dismissing the City of Mesa, this request is untimely. LRCiv 7.2(g)(2) ("Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion."). Moreover, the Court finds that Plaintiff has not presented a sufficient basis for reconsideration. As mentioned above, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the

litigation," *Kona Enters., Inc.*, 229 F.3d at 890, and under Local Rule of Civil Procedure 7.2(g), "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or a legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Plaintiff's *Monell* claim against the City of Mesa proceeded through discovery. (Doc. 47; Doc. 115 at 16–17, 19). The Court finds that the "custom or practice" supposedly revealed by Defendant Newby's testimony at trial could have been discovered prior to trial with reasonable diligence. Therefore, Plaintiff's request to alter or amend the judgment under Rule 59(e) is denied.

(3) Plaintiff takes issue with Defendant's trial theory that the "No Trespassing" sign could constitute reasonable notice under the criminal trespass statute, arguing that determining reasonable notice was the jury's role. (Doc. 197 at 7). As explained above, the jury was instructed that "[a]rguments and statements by lawyers are not evidence." (Doc. 184 at 5). The jury was also instructed on its ability to weigh the evidence and was free to accept or reject defense's theory of reasonable notice. (Doc. 184 at 6–7). Moreover, as previously mentioned, the jury was not asked to determine whether Plaintiff was in fact committing criminal trespass; rather, the jury was tasked with determining whether Defendant Newby had probable cause to arrest Plaintiff for criminal trespass. (Doc. 184 at 10). Thus, the relevant inquiry was not whether the sign provided Plaintiff with reasonable notice, but instead whether "an objectively reasonable police officer would conclude there is a fair probability that Plaintiff' had "reasonable notice prohibiting entry." (Doc. 184 at 10). Defendant's theory is relevant to this inquiry and did not infringe on the role of the jury. This does not entitle Plaintiff to a new trial.

(4) Plaintiff argues that a defense witness's testimony regarding Circle K's media policy invaded the jury's role because the witness's testimony of Circle K's policy was "flawed," and the witness opined that recording without prior approval constituted trespass. (Doc. 197 at 8–9). Plaintiff does not indicate that he objected to this testimony at trial. The evidence presented by Plaintiff is not "new" evidence that could not have been discovered

earlier and does not show that the testimony was false. *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990); *Coastal Transfer Co. v. Toyota Motor Sales,* 833 F.2d 208, 212 (9th Cir. 1987). Plaintiff had the opportunity to cross-examine defense witnesses at trial. Moreover, the Court instructed the jury as to the definition of criminal trespass under Arizona law and disagrees with Plaintiff's speculation that the jury substituted the witness's testimony regarding Circle K's media policy with the jury instructions on the Arizona criminal trespass statute. (Doc. 184 at 10); *see* Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue."). This does not entitle Plaintiff to a new trial.

**(5)** Plaintiff argues that his video evidence demonstrated his theory that, at the time of the incident, Defendant Newby incorrectly assumed criminal trespass had already occurred even though the elements of criminal trespass were not yet completed. (Doc. 197 at 9). Plaintiff presented this theory at trial, and the jury was free to accept or reject his theory. Moreover, the fact that this evidence may support Plaintiff's theory has no bearing on the fact that there is sufficient evidence to support the jury's verdict for Defendant. This is not grounds for a new trial.

**(6)** Plaintiff argues that the actions of another officer at the scene "supported Plaintiff's theory" regarding the first element (probable cause or the *Nieves* exception). (Doc. 197 at 10). Plaintiff does not allege that he made this argument at trial, that this is new evidence, or that he intended to call the officer as a witness. Again, the mere fact that some evidence may support Plaintiff's theory does not make the jury's verdict for Defendant contrary to the weight of the evidence. This is not grounds for a new trial.

**(7)** Plaintiff argues that one of defense counsel's requested instructions that was not incorporated into the final jury instructions "confirms" why his theory matters and that "defense's presentation blurred" the issues. (Doc. 197 at 11). Plaintiff does not argue that he objected to this instruction, that he requested this instruction, or that the instruction should have been given. Plaintiff offers no reason as to why an instruction requested by defense counsel that was not included in the final jury instructions would entitle him to a

- 6 -

new trial.

**(8)** Plaintiff argues Final Jury Instruction 10 "allowed the probable-cause/trespass inquiry to swallow the retaliation theory." (Doc. 197 at 11). Plaintiff did not object to this jury instruction at trial. Final Jury Instruction 10 describes the elements of a § 1983 First Amendment retaliation claim and is modeled after Ninth Circuit Model Civil Jury Instruction 9.11. (Doc. 184 at 10). Plaintiff argues that "[t]he jury should have been permitted to decide whether trespass was genuinely neutral enforcement or a pretextual tool used after recording became the focus." (Doc. 197 at 12). However, the jury was permitted to decide whether trespass was pretextual; as explained in Final Jury Instruction 10, the fourth element of a First Amendment retaliation claim is whether "Plaintiff's protected activity was a substantial or motivating factor in Officer Newby's decision to arrest Plaintiff." (Doc. 184 at 10). To the extent Plaintiff challenges the order of the elements, the instruction mirrors the analytical framework set forth by the Supreme Court in *Nieves v. Bartlett*, 587 U.S. 391, 404, 406–08 (2019).

**(9)** Plaintiff argues that his ability to object was materially impaired because the Court instructed Plaintiff to refrain from interrupting the witness and wait until the witness finished his answer to object. (Doc. 197 at 12). The Court's attempt to maintain courtroom decorum did not prejudice Plaintiff. The Court's instruction did not prevent Plaintiff from objecting or moving to strike any witness's answer. Moreover, contrary to Plaintiff's assertion, testimony was not objectionable merely because it "concerned the exact issues the jury had to decide." (Doc. 197 at 12); Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue."). This does not entitle Plaintiff to a new trial.

**(10)** Plaintiff argues the "general verdict form prevents meaningful review." (Doc. 197 at 13). However, general verdict forms are permissible. *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003) ("The Federal Rules of Civil Procedure . . . implicitly contemplate common law general verdicts without interrogatories."); Fed. R. Civ. P. 49. The verdict form was straightforward (encompassing

only one legal question and damages, if applicable), included detailed instructions on the verdict form itself, and the Court explained the verdict form to the jury. (Doc. 184 at 17; Doc. 191). "Although some general verdicts are more general than others . . . , the key is not the number of questions on the verdict form, but whether the jury announces the ultimate legal result of each claim." *Zhang*, 339 F.3d at 1031. The jury announced the ultimate legal result of the only claim before it, finding in favor of Defendant Newby. (Doc. 191). Thus, the verdict form is not grounds for a new trial.

**(11)** Plaintiff argues that the "cumulative effect" of defense testimony and trial theory denied him a fair trial. (Doc. 197 at 14). Again, Plaintiff had the opportunity to cross-examine defense witnesses, object to and move to strike a witness's testimony, and present his own theory of the case at trial, and the Court instructed the jury on the law and explained its role as factfinder. (Doc. 184). Plaintiff's complaints, individually or cumulatively, do not entitle Plaintiff to a new trial.

**(12)** Finally, Plaintiff argues again that defense witness's testimony regarding Circle K's media policy "lacked evidentiary support." (Doc. 197 at 15). But as the Court instructed the jury, "sworn testimony of any witness" is itself "evidence" the jury may consider. (Doc. 184 at 4). The existence of exhibits or other testimony that supports a witness's testimony may aid the jury in deciding whether to believe the testimony of that witness (Doc. 184 at 7), but additional evidentiary support is not a prerequisite to the admissibility of a witness's testimony. Moreover, as mentioned in ground 4 above, Plaintiff had the opportunity to cross-examine witnesses and present his case at trial. Plaintiff additionally argues that this testimony "misled the jury into adopting a faulty legal definition of 'criminal trespass,'" and that "the jury was instructed to rely on these standards to determine liability." (Doc. 197 at 15). However, the Court specifically instructed the jury on the definition of criminal trespass and on the jury's ability to weigh the evidence and accept or reject testimony. Thus, this does not entitle Plaintiff to a new trial.

In sum, none of Plaintiff's arguments persuade the Court that it should disrupt the

jury's verdict. *See Landes Const. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1372 (9th Cir. 1987) ("Doubts about the correctness of the verdict are not sufficient grounds for a new trial: the trial court must have a firm conviction that the jury has made a mistake."). The Court finds that the jury's verdict in favor of Defendant Newby is not against the clear weight of the evidence, was not based upon false or perjurious evidence, and upholding the verdict will not result in a miscarriage of justice. *See Passantino*, 212 F.3d at 510 n.15 ("The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice."). Accordingly, Plaintiff is not entitled to a new trial or to amend the judgment, and Plaintiff's Motion (Doc. 197) is denied.

### III.    MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE

Plaintiff requests that transcripts of certain portions of the jury trial and related proceedings be provided to him free of charge pursuant to his in forma pauperis status. (Doc. 194 at 1). However, Plaintiff's in forma pauperis status does not automatically entitle him to transcripts at government expense.

Under 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f) (parenthetical in original). A claim is frivolous "if the petitioner can make no rational argument in law or facts to support his claim for relief." *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983); *Pembrook v. Wilson*, 370 F.2d 37, 39 (9th Cir. 1996). "A 'substantial question' is one that is unique, unusual, or reasonably debatable, judged on an objective basis." *McCoy v. Meyers*, 825 F. App'x 560, 563 (10th Cir. 2020); *see also Ortiz v. Greyhound Corp.*, 192 F. Supp. 903, 905 (D. Md. 1959) (reasonably debatable); *Barnes v. Alves*, 107 F. Supp. 3d 252, 256 (W.D.N.Y. 2015) (reasonably debatable); *Shabazz v. Cole*, 69 F. Supp. 2d 210, 227 (D. Mass. 1999) (reasonably debatable); *Armstrong v. Ashbury*, 57 F.R.D. 139, 140 (W.D. Pa. 1972) (unique, unusual, or reasonably debatable).

Further, the purpose of § 753(f) is to prevent the waste of taxpayer dollars on transcripts for use in baseless appeals. *See Smith v. United States*, 421 F.2d 1300, 1301 (6th Cir. 1970); *Cheteni v. Vella*, No. 23-cv-06286-SI, 2026 WL 1243765, at *1 (N.D. Cal. May 6, 2026); *Mahon v. Prunty*, 107 F.3d 16 (9th Cir. 1997). Thus, "to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Transcripts will not be provided merely to allow Plaintiff to search for grounds for relief. *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw."); *Tapia Fierro v. Wilmot*, No. CV-19-03096-PHX-JAT, 2021 WL 3411086, at *1 (D. Ariz. July 19, 2021) ("The Plaintiff must articulate some ground for appeal that requires transcripts before the Court will subject the government to that expense.").

Plaintiff argues that he seeks transcripts to evaluate 6 substantial questions, all of which the Court already addressed above with respect to Plaintiff's Motion for New Trial. (Doc. 194 at 4). The Court finds that none of these questions are reasonably debatable and thus are not substantial questions.

Regarding the timing of objections (question 1), the Court's instruction did not prevent Plaintiff from objecting or moving to strike the witness's answer. Regarding the verdict form (question 6), the Ninth Circuit Court of Appeals has acknowledged that general verdict forms without interrogatories are permissible so long as "the jury announces the ultimate legal result of each claim," *Zhang*, 339 F.3d at 1031, which the jury did here.

Regarding Final Jury Instruction 10 (question 5), Plaintiff argues the instruction allowed the jury to resolve the First Amendment retaliation claim on probable cause without addressing pretext. (Doc. 194 at 4). Plaintiff did not object to this instruction at trial. The instruction is modeled after Ninth Circuit Model Civil Jury Instruction 9.11. The instruction explains the elements of a First Amendment retaliation claim, the fourth

element of which is whether the protected activity "was a substantial or motivating factor" in Defendant Newby's decision to arrest Plaintiff.

Moreover, to the extent Plaintiff argues that retaliatory motive is enough to establish liability, Plaintiff is incorrect. The Supreme Court has stated that "[i]t is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury . . . meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves*, 587 U.S. at 398–99; *Hartman v. Moore*, 547 U.S. 250, 260 (2006) ("[A]ction colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway."). Recognizing that "retaliatory arrest claims involve causal complexities," the Supreme Court concluded that a plaintiff must show either an absence of probable cause or the *Nieves* exception. *Nieves*, 587 U.S. at 406. This requirement is reflected in the first element of Final Jury Instruction 10 and the Ninth Circuit's model retaliatory arrest instruction.

Regarding defense witness's testimony about Circle K's media policy (question 3), testimony need not be supported by additional evidence to be admissible. Nothing prevented Plaintiff from objecting to the witness's answers or challenging the accuracy of the testimony during cross-examination. Moreover, the Court instructed the jury on the law, including defining criminal trespass under Arizona law. (Doc. 184 at 10); *see Weeks*, 528 U.S. at 234 ("A jury is presumed to follow its instructions.").

Finally, Plaintiff argues that defense witnesses "gave legal conclusions" (question 2) and "invaded the jury's role" (question 4). (Doc. 194 at 4). The Court finds that defense witness testimony did not amount to legal-conclusion testimony and was not improper. *See United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (explaining that testimony on a legal conclusion seeks to "tell the jury what result to reach" (quoting *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994))). Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue."). Moreover, the Court instructed the jury on their role, their ability to accept or reject testimony, and the controlling law.

(Doc. 184).

Therefore, Plaintiff has not presented a substantial question for appeal and his request for transcripts at government expense is denied.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for New Trial and to Alter or Amend Judgment (Doc. 197) is **denied**. Plaintiff's request for leave to supplement Doc. 197 is also **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Transcripts at Government Expense (Doc. 194) is **denied**.

Dated this 22nd day of July, 2026.

James A. Teilborg
Senior United States District Judge