**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gabriel Bassford,<br>Plaintiff,<br>v.<br>City of Mesa, et al.,<br>Defendants. | No. CV-22-00572-PHX-JAT<br>**ORDER** |

Pending before the Court is Plaintiff Gabriel J. Bassford's Motion requesting an extension of time to file an appeal. The matter is fully briefed and the Court now rules. Because Plaintiff has failed to show that his untimely filing was due to excusable neglect, the Court will deny his Motion.

## I. BACKGROUND

On June 2, 2026, the Court directed the Clerk of the Court to enter final judgment in favor of Defendants. (Docs. 192, 193). The parties then briefed whether the Court should grant (1) Plaintiff's request for trial transcripts at the government's expense; and (2) Plaintiff's request for a new trial and/or alteration or amendment of the judgment. (Docs. 194, 197, 199, 200). The Court decided against granting both Motions on July 22, 2026. (Doc. 201). This meant that Plaintiff had until August 21, 2026, to file a Notice of Appeal. *See* Fed. R. App. P. 4(a)(4). He missed that deadline by two days,[1] *see* (Docs. 203, 204), and therefore filed the Motion at issue, alleging that his tardiness was due to excusable

[1] This Court permitted Plaintiff to file electronically, and he filed his Notice of Appeal on a Sunday.

neglect, (Doc. 202 at 2-3).

## II. ANALYSIS

The Court may extend Plaintiff's filing window if he moves for an extension within 30 days of the expiration of the original deadline and "shows excusable neglect or good cause."[2] Fed. R. App. P. 4(a)(5)(A). To determine whether a late filing is attributable to excusable neglect, the Court examines "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993). The Supreme Court has identified four non-exhaustive factors to consider: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its effect; (3) the reason for the delay, including whether it was in the moving party's control; and (4) whether the movant's conduct was in good faith. *Id*. at 395; *see Pincay v. Andrews*, 389 F.3d 853, 855-60 (9th Cir. 2004) (en banc) (interpreting the *Pioneer* factors).

On balance, the Court finds that the factors weigh against a finding of excusable neglect.[3] To begin, the first factor—the danger of prejudice to the non-moving party—weighs in favor of Plaintiff. Although Defendants strongly oppose the Motion, their opposition seems to hinge more on the strength of Plaintiff's likely appellate arguments than anything else. (Doc. 207, at 6-7). To be sure, Defendants would have to defend against these plausibly meritless arguments on appeal and perhaps incur costs as a result. (*Id*. at 6). But "[b]eing forced to litigate the case on the merits, and incurring the costs of doing so, does not amount to prejudice." *Fajado v. Gen. Motors LLC*, Case No. 2:25-cv-08669-SPG-E, 2026 WL 2507714 (C.D. Cal. Aug. 25, 2026).

The second factor—the length of the delay and is effect—likewise favors Plaintiff.

---

[2] Plaintiff has not argued that there is good cause to grant his Motion, *see generally* (Doc. 202), and the Court cannot find a reason to grant his Motion based on good cause. As said below, Plaintiff's own inattentiveness was the undisputed cause of the missed deadline.

[3] Plaintiff also failed to timely file his reply briefing regarding this analysis and moves the Court to accept this late filing. (Doc. 208). The Court finds that the balance of the *Pioneer* factors weighs in Plaintiff's favor insofar as the reply briefing goes; Defendants would not be prejudiced by the filing, the filing is not substantially late, and although the reason for the delay is not favorable, it comes from a good-faith effort to comply with timing rules, *see* (Doc. 208 at 3). Accordingly, the Court will grant the Motion and consider the reply briefing in the discussion of the *Pioneer* factors.

The delay totaled just calendar two days, which does not amount to a "substantial" period of time. *See Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) (concluding that a 64-day delay in seeking relief was "substantial"). Defendants do not argue otherwise.

The third factor—the reason for the delay, including whether it was in the moving party's control—favors Defendants. Of the four factors, this one carries the greatest weight in determining excusable neglect. *In re Edwards Theatres Circuit, Inc.*, 70 F. App'x 950, 952 (9th Cir. 2003) (citing *Hospital del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001) ("The excuse given for the late filing must have the greatest import.")).

Plaintiff argues that his delay resulted from inadvertence given "competing work and personal obligations." (Doc. 202 at 3). Although there is no categorical rule saying so, *see Pincay*, 389 F.3d at 860, the Supreme Court noted that such "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," *Pioneer*, 507 U.S. at 392. That is the case here. Plaintiff appears to have been in full control of his filings and scheduling, even in the face of competing obligations. Indeed, he has filed a multitude of motions before the Court without issue, and he has not explained any particular or compelling reason why this filing should be different.[4] *See, e.g.*, *Wystrach v. Ciachurski*, CV 05-119 TUC DCB, 2005 WL 8165148, at *2 (D. Ariz. July 16, 2005). Thus, because the reason for the delay seems to be mere "run-of-the-mill inattentiveness," this third factor weighs against granting an extension. *See Symbionics Inc. v. Ortlieb*, 432 Fed. App'x 216, 220 (4th Cir. 2011).

Plaintiff contends that the events he manages include "basic life responsibilities" like "employment, income, housing, and litigation." (Doc. 202 at 3). Although clarified in Plaintiff's reply briefing, the Court has trouble determining why *any* person engaged in

---

[4] While Plaintiff cites to *Marx v. Loral Corp.*, 87 F.3d 1049 (9th Cir. 1996), (Doc. 209 at 2), to demonstrate that a calendaring error may be an acceptable and good-faith reason for a delay, the Court reads that case to be resolved based on the deferential standard the Ninth Circuit Court of Appeals applies to grants or denials of similar motions. *Marx*, 87 F.3d at 1054. Indeed, the court indicated that the application of *Pioneer* was "lenient" to the plaintiffs and that, under a less deferential standard, it would be less inclined to affirm the matter given the movant's mere timing error. *Id*. (noting that the defendants convincingly argued that the late filing was attributable to the attorney's calendaring miscalculation rather than a good faith attempt to schedule a meeting with the plaintiffs).

litigation could not say the same thing. *See Pincay*, 389 F.3d at 860 (refusing to establish a per se rule); *Laurino v. Syringa General Hospital*, 279 F.3d 750, 753 (9th Cir. 2002) (finding that a delay was acceptable for a plaintiff facing the combined effects of divorce, career change, and a change of attorneys).

The final factor—good faith—similarly weighs against Plaintiff. Unlike cases in which a party relies on the wrong statute or authority when noting a filing deadline, *see Feeder Line Towing Service, Inc. v. Toledo P. & W. R. R. Co.*, 539 F.2d 1107, 1109 (7th Cir. 1976), Plaintiff here forgot to account for his deadline. This forgetfulness is certainly neglectful, but Plaintiff has failed to show how could be considered excusable. *See, e.g.*, *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994) (determining that a miscalculation of time in which to file notice of appeal did not show excusable neglect).

## III. CONCLUSION

Extensions of time are granted only in "extraordinary cases where injustice would otherwise result." *Oregon v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (9th Cir. 1982). Plaintiff does not present such a case here because his untimely filing is predicated only on a failure to calendar the deadline. (Doc. 202 at 3). Without more than his perfunctory claim that he needed to manage a myriad of wide-ranging work and personal events, the Court cannot conclude that the balance of the *Pioneer* factors favor an extension of time. Though the first two factors weigh in Plaintiff's favor, the Court gives more weight to the last two factors, which weigh in favor of Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to file his reply briefing out of time (Doc. 208) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time to file an appeal (Doc. 202) is denied.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of this Order to the Court of Appeals regarding USCA case number: 26-5546.

Dated this 21st day of September, 2026.

James A. Teilborg
Senior United States District Judge